**The UNITED STATES of America,**
**Plaintiff,**

v.

**Earcelle AMMONS and William O. Bennett, Father and Natural Guardian of Tony R. Bennett, Defendants.**

Civ. A. No. 601.

United States District Court
N. D. Florida,
Marianna Division.

May 24, 1965.

Clinton Ashmore, U. S. Atty., Murray Wadsworth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff.

James C. Truett, of Truett & Watkins, Tallahassee, Fla., for defendant Ammons.

F. Perry Odum, of Ervin, Pennington, Varn & Jacobs, Tallahassee, Fla., for defendant Bennett.

CARSWELL, Chief Judge.

United States brought suit against defendants, Ammons and Bennett, alleging:

(1) That Bennett was injured due to the negligence of Ammons.

(2) That Bennett was the recipient of medical care at the expense of the Government.

(3) That Bennett signed an instrument purporting to release Ammons from all liability arising out of the accident.

(4) That no part of the monies paid Bennett by Ammons for the release has been paid to the Government in reimbursement for medical care furnished. Basically, it is the contention of the United States that the Medical Care Recovery Act, 76 Stat. 593, 42 U.S.C.A. §§ 2651–2653 (Supp. IV, 1963), gives it authority to bring this action under the theory that the Government was subrogated to the rights of Bennett against Ammons within the meaning of the Act, and that Bennett has been unjustly enriched at the expense of the Government.

Before the Court is the motion of the defendant Bennett to dismiss. The matter has been heard and briefs filed and considered by the Court. The Court concludes that the motion to dismiss filed by the defendant Bennett should be granted.

Prior to 1944, the United States had made no attempt to recover for medical expenses and wages paid to members of the military establishment or their dependents. In that year, however, the United States brought an action against the Standard Oil Company of California to recover $123.45 hospitalization costs and $69.31 wages paid to a soldier who was injured by a truck owned by Standard Oil and operated by an employee of the company in the scope of his employment. The District Court granted the United States recovery. United States v. Standard Oil Co. of California, 60 F. Supp. 807 (S.D.Calif.1945). The Ninth Circuit Court of Appeals reversed the District Court, Standard Oil Co. of California v. United States, 153 F.2d 958 (9th Cir. 1946), and the Supreme Court granted certiorari. In affirming the decision of the Court of Appeals, the Supreme Court stated that the question of recovering benefits against a tort-feasor for medical care rendered to servicemen was one of federal fiscal policy and expressly said:

" * * * [w]hatever the merits of the policy, its conversion into law is a proper subject for congressional action, not for any creative power of ours. Congress, not this Court or the other federal courts, is the custodian of the national purse." United States v. Standard Oil Co. of California, 332 U.S. 301, 314, 67 S.Ct. 1604, 1611, 91 L.Ed. 2067 (1947).

Accordingly, Congress took this mandate and proceeded to enact legislation, to wit,

the Medical Care Recovery Act, 76 Stat. 593, 42 U.S.C.A. §§ 2651–2653 (Supp. IV, 1963).

This law provides that the United States shall have a right to recover from a third party tort-feasor the reasonable value of the care and treatment furnished to servicemen or their dependents and shall, as to this right, be subrogated to any right or claim that the injured or diseased person has against such third party tort-feasor to the extent of the reasonable value of the care and treatment furnished. The law further provides that the head of the department or agencies of the United States furnishing such care or treatment *may* also require the injured or diseased person to assign his claim or cause of action against the third person who is liable for the injury or disease. 42 U.S.C.A. § 2651(a). Subsection (b) of this section provides that the United States may, to enforce their right, (1) intervene or join in any action or proceeding brought by the injured or diseased person against the tort-feasor; or (2) if such action is not commenced within six months after the treatment is rendered, may institute and prosecute legal proceedings against the tort-feasor, in a State or Federal court, either alone (in its own name or the name of the injured person) or in conjunction with the injured person. Nowhere in the law is the United States permitted to bring an action against the serviceman, as they are seeking to do in this case.

■ There have been no reported cases construing this law in situations such as the one before the Court today where the serviceman has effected a settlement with the third party tort-feasor. Accordingly, one must look to the legislative history to determine the purpose and intent of Congress in this respect. A complete resumé of the findings of the House Committee on the Judiciary and accompanying reports of executive agencies may be found in 2 U.S.Code Cong. & Admin.News, p. 2637 et seq. (1962). The purpose of the Act is stated at the outset of the Committee's report to be to provide for the recovery by the United States from negligent third persons for the cost of hospitalization, medical, surgical or dental care and treatment furnished by the United States pursuant to authority or requirement of law, to a person who is injured under circumstances creating a tort liability upon such third person.

The Committee pointed out that Section 1(a) of the Act provided that the head of an agency furnishing care *may* require injured persons to assign to the government their claim against the negligent third party insofar as it related to the costs of care and treatment. It was noted that this provision (permissive in nature) was added insurance to guard against a possible settlement and release that might be executed by the injured person which would purport to relieve the tort-feasor or his insurer from the liability to the government created by this legislation.

Comments and suggestions from various executive agencies were solicited by the House Committee on the Judiciary, and these reports were appended to the report of the Committee. One such report, from the Honorable Joseph Campbell, Comptroller General of the United States, is especially pertinent to the case at bar. In Mr. Campbell's letter to the Honorable Emanuel Celler, Chairman of the House Committee on the Judiciary, Mr. Campbell called to the Committee's attention that the bill did not specifically require an injured person who recovers damages from a third party tort-feasor through his own action, by suit or otherwise, to pay the United States out of such recovery, nor did the proposed bill specify priorities for distributing the proceeds thus obtained. Mr. Campbell stated that he had been informally advised that this matter would be covered by regulations to be issued by the President. However, it was his view that the inclusion of this matter in the bill itself would carry more weight and be less subject to possible further questions or attack than the same subject matter appearing solely in regulations. Mr. Camp-

bell suggested that consideration be given to the desirability of including some provisions to this effect in the Act.

Notwithstanding the recommendations of the Comptroller General, who by the way had been the instigating force in such legislation, Congress did not see fit to adopt his suggestions in this respect. Instead, by Section 2652, Congress delegated to the President the authority to prescribe regulations to implement the law. Pursuant to this delegation of authority, Executive Order #11060, U.S.Code Congressional & Administrative News 1962, p. 4385, was issued by the late President John F. Kennedy as follows:

"DELEGATION OF AUTHORITY TO PRESCRIBE REGULATIONS

"Under and by virtue of the authority vested in me by Title 3 of the United States Code and by Section 2(a) of the Act of September 25, 1962 (Public Law 87–693) [subsec. (a) of this section], it is hereby ordered as follows:

"Section 1. The Director of the Bureau of the Budget shall, for the purposes of the Act of September 25, 1962 [this chapter], from time to time, determine and establish rates that represent the reasonable value of hospital, medical, surgical, or dental care and treatment (including prostheses and medical appliances) furnished or to be furnished.

"Sec. 2. Except as provided in Section 1 of this order, the Attorney General shall prescribe regulations to carry out the purposes of the Act of September 25, 1962 [this chapter].

"JOHN F. KENNEDY"

Pursuant to President Kennedy's delegation of authority to the Attorney General to prescribe regulations, regulations were promulgated and appear in 28 CFR Sections 43.1–43.4 (1963). Section 43.2 of these regulations provides that in the discretion of the department or agency concerned, any person furnished care and treatment *may* be required:

(1) To assign in writing to the United States his claim or cause of action;

(2) To furnish such information as may be requested concerning details of injury and concerning any action instituted or to be instituted by or against a third person;

(3) To notify the department or agency concerned of a settlement with or an offer of settlement from, a third person; and

(4) To cooperate in the prosecution of all claims and actions by the United States against such third person.

Thus, we see that Congress considered this matter facing the Court today at the time the legislation was enacted. They did not see fit to enact express provisions covering this situation but delegated this authority to the Executive branch of the government. Pursuant to the delegated authority, the Executive branch promulgated *permissive* regulations to cover a situation of this type. There has been no delegation to the Judiciary to permit recovery in cases of this type, nor can there be any, particularly in view of the clear and concise statement by the United States Supreme Court in the Standard Oil case quoted above.

 There has been no allegation in the Complaint that such an assignment was entered into by and between defendant William O. Bennett and the United States Government, nor that the defendant was required to notify the department or agency concerned of an offer of settlement from the third party tortfeasor. In the absence of such an allegation, the Complaint fails to state a cause of action against defendant William O. Bennett and accordingly is dismissed by this Court with prejudice.