**Mary E. PHILLIPS, Plaintiff,**

v.

**Alma V. TRAME, Defendant,**
**United States of America, Intervenor.**

**Civ. No. 64-72.**

United States District Court
E. D. Illinois.

March 25, 1966.

Ray Freeark, Jr., Belleville, Ill., for plaintiff.

John Bauman, Belleville, Ill., for defendant.

Carl W. Feickert, East St. Louis, Ill., for intervenor.

JUERGENS, Chief Judge.

This action was instituted by Mary E. Phillips against Alma V. Trame to recover damages for personal injuries suffered in an automobile accident. The United States, pursuant to leave of Court, filed its complaint in intervention to assert a claim under the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653, for the reasonable value of hospital and medical care and treatment furnished plaintiff by the United States. Plaintiff is the wife of a member of the Armed Forces of the United States.

Defendant filed her motion to dismiss the complaint in intervention, alleging:

(1) that the complaint and the allegations thereof are irrelevant and immaterial to plaintiff's cause of action;

(2) that the complaint in intervention attempts to assert a right of action against the defendant, arising out of an accident alleged in plaintiff's original complaint;

(3) that the complaint on its face shows that plaintiff is entitled to hospital and medical care and treatment from the United States and is not personally obligated to reimburse the intervenor except by voluntary assignment;

(4) that plaintiff has alleged a voluntary assignment of her claim for hospital and medical care and treatment to the United States and it constitutes a contractual arrangement between plaintiff and intervenor without the consent of defendant and is a deprivation of defendant's rights under the due process clause of the Constitution of both the United States and the State of Illinois and is an unconstitutional exercise of administrative power by the United States, is prejudicial to the citizens of the United States and more particularly to the defendant;

(5) that to permit intervenor's complaint will allow a double recovery on behalf of the intervenor and plaintiff

since the care was furnished free and repayment by the defendant would constitute double payment to plaintiff and intervenor since the services are a duty imposed upon the taxpayers by Congress;

(6) that the intervenor is obligated to furnish medical care whether or not it is reimbursed for the services;

(7) that assignment of benefits or rights or claims of the plaintiff is contingent upon the successful prosecution of plaintiff's unliquidated claim and is therefore invalid and not binding on plaintiff or defendant;

(8) that the amount claimed by intervenor is unreasonable, arbitrary and bears no relation to the treatment furnished or services provided;

(9) that Title 42 § 2651 is invalid, unconstitutional and results in deprivation of property without due process of law;

(10) that intervenor should be precluded from asserting its claim in the principal action by plaintiff since plaintiff has no personal interest in the recovery of medical expenses and such information should be excluded from evidence presented to the jury to avoid prejudice to defendant.

Section 2651, Title 42 U.S.C.A., provides in pertinent parts as follows:

"(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * to a person who is injured * * *, under circumstances creating a tort liability upon some third person * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person * * * has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, * * *, to assign his claim or cause of action against the third person to the extent of that right or claim.

"(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person, * * against the third person who is liable for the injury * * *."

The purpose of the legislation, as shown by the Senate Report, is to provide for the recovery by the United States from negligent third persons for the cost of hospital, medical, surgical or dental care and treatment furnished by the United States pursuant to authority or requirement of law to a person who is injured under circumstances creating tort liability under such third person, and as was further stated in the Senate Report the need for Congressional action was to effectuate the stated purpose and was brought about as a result of the holding of the United States Supreme Court in United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067, in which the Supreme Court denied recovery on the basis that the government did not have a right of action against the negligent third party under legislation in effect at that time.

In United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947), the Court had for consideration the question of whether or not the government was entitled to recover amounts expended for hospitalization and soldier's pay for loss of service of a soldier where the soldier received injuries as the result of negligence of a third party. The Court first determined that the creation or negation of liability was a matter for federal rather than state law. The question as stated by the Supreme Court was as follows:

"* * * The question, therefore, is chiefly one of federal fiscal policy, not of special or peculiar concern to the states or their citizens. And because those matters ordinarily are appropriate for uniform national treatment rather than diversified local disposition, as well where Congress has not

acted affirmatively as where it has, they are more fittingly determinable by independent federal judicial decision than by reference to varying state policies."

The Court further stated:

"When Congress has thought it necessary to take steps to prevent interference with federal funds, property or relations, it has taken positive action to that end. We think it would have done so here, if that had been its desire. This it still may do, if or when it so wishes."

In declining recovery the Court stated:

"* * * Here the United States is the party plaintiff to the suit. And the United States has power at any time to create the liability. The only question is which organ of the Government is to make the determination that liability exists. That decision, for the reasons we have stated, is in this instance for the Congress, not for the courts. Until it acts to establish the liability, this Court and others should withhold creative touch."

As pointed out in the Senate Report appearing in the U. S. Code Congressional and Administrative News, 87th Congress, Second Session, 1962, p. 2637 et seq., the legislation under consideration was enacted to fulfill a void made apparent by the United States Supreme Court in their opinion in United States v. Standard Oil Co., supra.

Following determination by the United States Supreme Court that it was not the proper organ of the government to determine liability in such situations and at the same time pointing a finger at Congress as the proper organ, Congress enacted legislation which it deemed necessary to fill the noted void.

It is noteworthy that the statute was enacted after extensive studies by the various Congressional agencies, Congressional hearings and after the Supreme Court had clearly stated that Congress had the power at any time to create the liability.

The statute does not stand alone in providing recovery by the government from negligent third parties. Provisions have been made for similar recovery in the Federal Employees' Compensation Act concerning benefits to injured civilian employees (5 U.S.C.A. § 751 et seq.). The principal of providing payment from negligent third parties has also been recognized by Congress in the Railroad Unemployment Insurance Act (45 U.S.C.A. § 362(o)) and the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 933).

The complaint in intervention fairly meets the requirements of the statute creating the cause of action. That the statute pursuant to which the intervening complaint proceeds is constitutional seems hardly open to question for the reasons set forth hereinabove.

There remains for consideration the question of the reasonableness of the amount claimed by the intervenor.

By Executive Order No. 11060 the President of the United States delegated authority to the Director of the Bureau of the Budget to prescribe regulations from time to time to determine and establish rates that represent the reasonable value of hospital, medical, surgical or dental care and treatment furnished or to be furnished by the United States, and if upon the trial it develops that the charges made are the result of action by the direction of the Bureau of Budget, pursuant to executive order, then the charges are not subject in this proceeding to the challenge that they are unreasonable or arbitrary.

The Court finds that defendant's motion to dismiss the complaint in intervention should be denied.

It is, therefore, the order of this Court that defendant's motion to dismiss the complaint in intervention be and the same is hereby denied.