JAMES FINLEY TOLLIVER, *Plaintiff,*

*v.*

NANCY ELLEN SHUMATE, EVERETT SHUMATE AND
J. R. TOLLIVER, *Defendants,*
UNITED STATES OF AMERICA, *Intervenor*

(No. 12496)

Submitted September 13, 1966.    Decided October 18, 1966.

*John W. Douglas,* Assistant Attorney General, U. S. Dept. of Justice, Washington, D. C., *Milton J. Ferguson,* U. S. Attorney, Charleston, W. Va., *Morton Hollander,* Chief, Appellate Section, U. S. Dept. of Justice, *Kathryn H. Baldwin,* Dept. of Justice, Washington, D. C., for appellant.

*Bowers, File, Hodson & Payne, W. H. File, Jr., Edward M. Payne, III,* for appellees.

HAYMOND, JUDGE:

This is a civil action instituted in the Circuit Court of Raleigh County on March 12, 1964, in which the plaintiff, James Finley Tolliver, seeks to recover damages in the amount of $20,000.00 from the defendants, Nancy Ellen Shumate, Everett Shumate and J. R. Tolliver, for personal injuries caused by the alleged negligence of the defendants as a result of a collision between a truck, driven by the defendant J. R. Tolliver, in which the plaintiff was a guest passenger, and an automobile owned by the defendant Everett Shumate and driven by his daughter, the defendant Nancy Ellen Shumate, on West Virginia State Route 3, near Stover, in Raleigh County, West Virginia, on December 31, 1963. The plaintiff was a veteran and was treated for his injuries at the Veterans Administration Hospital in Beckley during the period January 1, 1964 to May 6, 1964; and by written instrument dated April 15, 1964 the plaintiff assigned to the United States any right to which he was entitled to recover the value of the hospital and medical care and treatment.

On June 12, 1964, the United States was permitted to intervene as a party to the action and filed its complaint to recover $1693.00 from the defendants, which sum is alleged to be the reasonable value of the hospital and medical care and treatment furnished to the plaintiff. The complaint was based on the assignment and on Section 2651, 42 U.S.C., commonly known as the Medical Care Recovery Act, enacted by the Congress in 1962.

To the complaint of the United States the defendant J. R. Tolliver and the defendants Nancy Ellen Shumate and Everett Shumate filed separate answers in which they admit the assignment by the plaintiff but deny any liability to pay for such care and treatment. The answers also charge that the complaint fails to state a cause of action against the defendants, that there is no consideration for the assignment, that the assignment is void, that plaintiff suffered no loss for medical care or expenses and assigned nothing to the United States, that the defendants committed no tort against the United States or the Veterans Administration and that neither has any cause of action against the defendants, and that the federal statute relied on by the United States, 42 U.S.C., Section 2651, is unconstitutional and void.

The case was originally called for trial by jury on July 16, 1964, at which time, and before the trial began, the defendants made a joint motion to dismiss the complaint of the United States. The circuit court sustained the motion and held that the plaintiff had no assignable right against the defendants which could be transferred to the United States or to which it could be subrogated under the federal statute in the absence of any showing of liability of the plaintiff for the hospital care and medical attention which he had received at the Veterans Administration Hospital in Beckley and dismissed the claim of the United States but no order of dismissal was entered by the circuit court until October 13, 1964. The United States excepted to the ruling of the circuit court and after the trial of the case had proceeded to the close of the evidence in behalf of the plaintiff the circuit court, on its own motion, declared a mistrial on July 17, 1964.

Before ruling on the motion of the defendants to dismiss the claim of the United States, the circuit court permitted the plaintiff to amend his complaint to include a claim against the defendants for the medical and hospital care and treatment received by

the plaintiff at the Veterans Administration Hospital and after the circuit court had declared a mistrial, the case was again set for trial on October 13, 1964.

By an amended pretrial conference order entered October 9, 1964, certain facts were stipulated by the parties and their respective contentions were set forth in the order. The contention of the United States was that by virtue of an assignment and the independent right of recovery conferred by the provisions of Section 2651, 42 U.S.C., the defendants were liable to it for the reasonable cost of the care and treatment furnished to the plaintiff at the hospital maintained by the Veterans Administration at Beckley.

On October 13, 1964, the circuit court reaffirmed its ruling on the foregoing motion of the defendants and by order of that date, after considering the arguments of counsel, the pleadings, the discovery depositions, the pretrial conference order and the testimony of Dr. Ralsten and Dr. Byrd, Administrator of the Veterans Hospital, in behalf of the claim of the United States, incorporated in the record by agreement of the parties, the circuit court dismissed the complaint of the United States without leave to amend and dismissed its claim with prejudice.

On October 20, 1964, by order of that date, upon a stipulation between the plaintiff and the defendants that all claims in issue between them had been compromised and settled without any admission of liability of any or either of them by or against any or either of them, the circuit court sustained the joint motion of the plaintiff and the defendants and dismissed this action with prejudice.

Upon this appeal, granted upon the application of the United States, it seeks reversal of the judgment dismissing its claim and remand of this action to the circuit court with directions that it enter a judgment in favor of the United States for the full amount of

its claim for the hospital and medical care and treatment which it has furnished to the plaintiff.

The federal statute upon which the United States relies to sustain its claim, 42 U.S.C., Section 2651, to the extent here pertinent, contains these provisions: "(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * * to a person who is injured or suffers a disease, * * * under circumstances creating a tort liability upon some third person * * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right, be subrogated to any right or claim that the injured or diseased person, * * * has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, * * * to assign his claim or cause of action against the third person to the extent of that right or claim."

The statute just quoted not only confers upon the United States the right of subrogation to any claim which the person receiving such care and treatment may have to recover the reasonable value of such care and treatment furnished to such person but it also creates an independent right in the United States to recover from a tortiously liable third person the reasonable value of the care and treatment furnished to such injured person. 42 U.S.C., Section 2651 also provides that to enforce such right the United States may at any time intervene or join in any action brought by the injured person, or if no such action is instituted by such injured person within six months from the first day care and treatment are furnished, it may institute and prosecute legal proceedings in a state or federal court to recover the reasonable value of

such care and treatment from such third person. Under 42 U.S.C., Section 2651 the United States, in the exercise of its independent statutory right, as distinguished from and in addition to any right of subrogation, is entitled, as an intervenor, to prosecute and establish its claim against the defendants, for the reasonable value of hospital and medical care and treatment furnished by it to an eligible veteran, in an action instituted by him to recover for personal injuries caused by the negligence of the defendants; the action of the trial court in dismissing the claim of the United States constitutes error which requires reversal of the judgment of dismissal; and upon such reversal the case will be remanded to the trial court with directions to reinstate it upon the docket of that court and to grant the intervenor a hearing to enable it to establish its claim against the defendants by proper proof and to permit the defendants to interpose any and all valid defenses against such claim.

Though the United States is entitled to reversal of the order of October 13, 1964, dismissing its claim, and a remand of this action to the circuit court for further proceedings with respect to its claim, it is not entitled to a judgment in its favor in that court upon the present state of the record.

It is the contention of the United States that it is entitled to a judgment in its favor because of the erroneous action of the trial court in dismissing its claim and its subsequent action in dismissing this case by agreement of the plaintiff and the defendants upon the compromise settlement of their claims against each other. This contention is without merit. Though it is true that the erroneous action of the circuit court operated to deprive the United States of the benefit of any evidence upon the trial of the action which the plaintiff, in order to recover, would have been required to produce, the absence of such evidence and the resulting inconvenience or hardship to the United States in obtaining and producing adequate proof do

not relieve it from the imperative requirement that it must establish its claim by proof of the liability of the defendants for the injury to the plaintiff resulting from their negligence and the reasonable value of and the reasonable necessity for the hospital and medical care and treatment which it furnished to the plaintiff at its Veterans Administration Hospital in Beckley. The United States must prove its claim as any other litigant is required to do in order to recover. There is no provision of the foregoing federal statute that relieves it of that universal and fundamental requirement in the establishment of its claim under the statute.

The claim of the United States is based upon the negligence of the defendants as the proximate cause of the injury to the plaintiff, for which he received the hospital and medical care and treatment furnished by the United States, the reasonable value of which it seeks to recover from the defendants. As an intervenor in this action and as to the prosecution of its claim against the defendants the status of the United States is that of a plaintiff. The principle is well established generally and by many decisions of this Court that to recover in an action based on negligence the plaintiff must prove that the defendant was guilty of primary negligence and that such negligence was the proximate cause of the injury for which the plaintiff seeks a recovery of damages. See *Alexander v. Jennings,* 150 W. Va. 629, 149 S. E. 2d 213, and the many cases cited in the opinion in that case. This principle applies to the claim of the United States in this proceeding. The United States is also required to establish by adequate proof the reasonable value and the reasonable necessity for the hospital and medical care and treatment, for which it seeks to recover from the defendants. Though the regulation prescribed by the President of the United States with respect to the determination and establishment of the reasonable value of hospital and medical care and

treatment furnished to a tortiously injured veteran and the determination by the Director of the Bureau of the Budget of rates for such care and treatment in government facilities and in private facilities at government expense, Executive Order 11060, 27 Fed. Reg. 10925 (1962), are admissible to prove the reasonable value of and the reasonable necessity for such care and treatment, they do not of themselves necessarily in every instance constitute sufficient proof to establish reasonable value of and reasonable necessity for such care and treatment. See *Murphy v. Smith*, 243 F. Supp. 1006, E. D. South Carolina, 1965. In that case, because of a conflict in the medical testimony as to the amount of hospitalization reasonably necessary for the injured plaintiff, the court refused to grant the government's claim in the amount of $5120.00 but instead reduced it to the sum of $3,492.00.

Because of the error of the circuit court in dismissing the complaint of the United States by its order entered October 13, 1964, that order is reversed and set aside and this case is remanded to the Circuit Court of Raleigh County, with directions that it fully reinstate this action upon its docket without delay and that it grant the United States, as an intervenor in this action, a hearing upon its claim against the defendants and each of them, in order to afford it an opportunity to establish its claim against the defendants and each of them by adequate proof, and that upon such hearing the defendants shall be entitled to present any proper defenses which they may interpose to such claim, including the defense of lack of negligence upon the part of each of the defendants, the defenses of assumption of risk and contributory negligence upon the part of the plaintiff, and any other valid defense against the claim of the United States with respect to the amount of any recovery to which it may be entitled. The order of the circuit court entered October 20, 1964, dismissing this action upon the compromise settlement of the claims of the plain-

tiff and the defendants is also reversed and modified to the extent necessary to enable the circuit court, upon the remand, to comply with the directions set forth in this opinion with respect to the hearing and determination of the claim of the United States against the defendants in this action.

*Reversed and remanded with directions.*