**UNITED STATES of America,
Plaintiff,**

v.

**Tom YORK, d/b/a York's Mobil Service,
and John Hare, Defendants.**

**Civ. No. 66–12.**

United States District Court
W. D. Tennessee, W. D.

Dec. 6, 1966.

Thomas L. Robinson, U. S. Atty., Memphis, Tenn., for plaintiff.

Kirkpatrick & Lucas, Memphis, Tenn., for defendant.

OPINION

ROBERT M. McRAE, District Judge.

The United States has filed suit under the Medical Care Recovery Act, 42 U.S.C.A. §§ 2651–2653, for the reasonable value of the medical services rendered one James Valentine Woodman in the United States Naval Hospital, Memphis, Tennessee. The defendants in this cause are the owners of a truck which collided with a vehicle driven by the said James Valentine Woodman. A motion for summary judgment has been filed setting forth multiple grounds, one of which was the failure to comply with 42 U.S.C.A. § 2651(b). It is undisputed that Woodman heretofore filed suit against the defendants herein in the General Sessions Court of Shelby County, Tennessee, for injury and damages. That suit was filed within six months from the date of the injury, and judgment was rendered in behalf of the plaintiff in the amount of $2500.00. The United States did not intervene in this cause. Section 2651(b) provides as follows:

"(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person * * * against the third person who

is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person * * *."

The United States maintains that it was the defendants' dual responsibility first, to determine that medical care was received by Woodman from the United States Naval Hospital and, second, to refuse to satisfy any judgment without the consent of the United States Government. The defendants herein assert that judgment for the government in this pending cause would require the defendants to pay damages for the same injury twice. In the case of United States v. Ammons, 242 F.Supp. 461 (D.C.N.D. Fla.), the court held that the Medical Care Recovery Act did not establish the right of the United States to recover from a victim who had received medical care from the United States and who had subsequently released the tort-feasor from liability. The case carefully analyzes the history of the legislation and limits its application to the express provisions thereof.

The Medical Recovery Act also provides in § 2651(a) as follows:

" * * * The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his claim or cause of action against the third person to the extent of that right or claim."

This is a very significant factor in the determination of the instant case. In United States v. Ammons, supra, the court commented on this portion of the Act as follows:

" * * * It was noted that this provision (permissive in nature) was added insurance to guard against a possible settlement and release that might be executed by the injured person which would purport to relieve the tort-feasor or his insurer from the liability to the government created by this legislation."

Congress has authorized the United States Government to require one who receives medical care from the United States Government to assign his claim against a third person. If this is done the third person tort-feasor may be put on notice by the government of the latter's interest in the claim for damages of the injured person. Subsequent satisfaction of the claim without the consent of the government would then be at the peril of the third person tort-feasor.

▮ Statutes creating a new liability must be strictly construed in favor of persons sought to be subjected to the applicability of the statute, Morrow v. Asher, 55 F.2d 365 (D.C.N.D.Texas). Prior to the passage of the Medical Care Recovery Act the United States had no right to recover for the value of medical services rendered to government personnel. United States v. Standard Oil Company of California, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067. The enforcement of this right must be in accordance with the terms of the Act. Therefore, the summary judgment of the defendants should be granted.