**UNITED STATES of America,**
**Plaintiff,**

v.

**James B. BARTHOLOMEW, Defendant.**

**Civ. No. 66-349.**

United States District Court
W. D. Oklahoma.

April 3, 1967.

Michael C. Stewart, Asst. U. S. Dist. Atty., Western Dist. Oklahoma, Oklahoma City, Okl., for plaintiff.

David W. Edmonds, Foliart, Shepherd & Mills, Oklahoma City, Okl., for defendant.

### ORDER OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EUBANKS, District Judge.

Defendant herein filed his Motion For Summary Judgment March 6, 1967, under the provisions of Rule 56 of the Federal Rules of Civil Procedure, and the Court having examined the files, the Stipulation of Facts filed March 6, 1967, and all briefs filed herein, is of the opinion that said Motion For Summary Judgment on behalf of defendant should be denied.

This is an action by the United States of America praying for judgment against the defendant, James B. Bartholomew, in the sum of $277.50 together with the costs under Title 42, United States Code, Section 2651 to Section 2653, commonly known as the Medical Care Recovery Act.

The action grows out of an automobile accident which occurred on October 15, 1965, at Southeast 89 Street and Eastern in Oklahoma City involving a vehicle driven by the defendant, James B. Bartholomew, and another car operated by William R. Smith, a member of the United States Army. William R. Smith and Lisa Smith, his eight month old daughter, were given medical treatment by the United States as a result of injuries they sustained in the aforesaid collision and plaintiff claims the accident was caused by the negligence of Bartholomew.

The Stipulation of Facts contains Exhibit "B" which is a Release executed by William R. and Betty Jean Smith on October 28, 1965, in favor of Bartholomew, and Exhibit "C" which is a Parents-Guardian Release executed by William R. and Betty Jean Smith in behalf of their minor daughter, Lisa, likewise to defendant. It is stipulated that the first notice to the defendant of the claim by the government is the letter by Assistant Claims Officer marked Exhibit "A" dated December 17, 1965, over sixty days after the accident and some six weeks after releases had been signed. It is admitted in the Stipulation of Facts, paragraph 4, that the plaintiff herein has not obtained assignment from William R. or Betty Jean Smith in their individual capacities or an Assignment from Lisa Ann Smith's parents in regard to the claims mentioned for medical expenses and hospital care.

In support of his Motion For Summary Judgment the defendant cites United States v. Ammons, D.C., 242 F.Supp. 461 and United States v. York, D.C., 261 F.Supp. 713.

I agree with the results reached in "Ammons" and "York" but neither case is in point here. In "York" the injured sailor did, *within six months* (42 U.S.C.A. § 2651(b) (2)) file his suit against the third party tort-feasor but the government failed to intervene. It is clear that the Act allows a direct suit by the government against the third party only where no suit has been commenced by the injured party within six months after the first day in which care and treatment is furnished by the government. [Sec. 2651(b) (2)] If such suit be brought by the injured party *within* the six month period then the government, to enforce its claim, must intervene. [Sec. 2651(b) (1)] In "Ammons" the sole question was whether the government could recover from the injured party who had received government medical care and who had settled with and released the negligent third party. In answering this question in the negative the court properly notes "nowhere in the law is the United States permitted to bring an action against the serviceman, as they are seeking to do in this case."

The defendant argues that the failure of the government to obtain an assignment from the injured party in this case and its further failure to notify the third party of its claim are each fatal. With reference to the failure to obtain an assignment it should be noted that the Act, after giving the government broad rights of subrogation [Sec. 2651(a)] adds the permissive clause, "The head of the department or agency * * * may also require the insured * * * to assign his claim or cause of action against the third person * *". The question then arises of what claim could the injured assign in a case like this? It is well demonstrated in the brief of defendant that under Oklahoma law a plaintiff may recover, in a personal injury action, only medical expenses *incurred* or which he has *obligated himself to pay*. (Denco Bus Lines v. Hargis, 204 Okl. 339, 229 P.2d 560; Sweet v. Henderson, 72 Okl. 51, 178 P. 666) Herein the serviceman Smith meets neither of these requirements for the medical expenses incurred by the government in treating him and his daughter were without any financial burden to him, therefore he had no assignable claim.

With reference to the proposition that the claim is barred by reason of the failure of the government to notify defendant of its existence we must again refer to the Act. As has heretofore been

mentioned in distinguishing "York" the government can enforce its claims under the Act by (1) intervening in any action brought by the injured against the third party regardless of when commenced or (2) by instituting its own action (either independently or in conjunction with the injured party) if no suit is commenced by others within six months. The Act places no burden on the government to notify the third party of its claim as a condition precedent to recovery. Further in this connection I think we can assume that before any settlement of a personal injury claim the tort-feasor would have checked medical records and thereby have gotten actual knowledge as to who furnished the treatment. If this be an invalid or unfair assumption it must certainly be recognized that a serviceman cannot collect for medical expenses furnished him free by the government and thereby foreclose the rights of the United States. Tort-feasors who attempt to settle in this way do so at their peril.

If further reason be needed that notice to the liable third party is not a prerequisite to recovery it is noted from the briefs filed herein that the Legislative History of this Act [2 U.S.Code, Congressional and Administrative News, 1962, p. 2637 et seq. and particularly at page 2642] shows that the insurance companies proposed a legislative requirement that notice be given by the government to the third party and his insurance carrier. This proposal was not adopted as a part of the Act nor in the regulations adopted pursuant thereto although the regulations do [28 C.F.R. 43.1 to 43.4] allow the department or agency concerned (43.2 subsection 3) to require any person furnished care "to notify the department or agency concerned of a settlement with or an offer of settlement from a third person." The stipulation herein is silent as to whether this regulation is involved in this case.

The case of Phillips v. Trame, D.C., 252 F.Supp. 948, cited by the government is not in point because there the United States intervened to assert its claim under the Medical Care Recovery Act. The same intervention was made in Tolliver v. Shumate, W.Va., 150 S.E. 2d 579 so that case can be distinguished.

It is accordingly ordered, adjudged, and decreed, by the Court that Motion For Summary Judgment filed March 6, 1967, by defendant, James B. Bartholomew, be and the same is hereby overruled.