UNITED STATES of America
v.
Bernard F. WITTROCK.
Civ. A. No. 41452.

United States District Court
E. D. Pennsylvania.

April 27, 1967.

326

Merna B. Marshall, Asst. U. S. Atty., for plaintiff.

Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER SUR DEFENDANT'S MOTION TO DISMISS COMPLAINT (Document 5)

VAN DUSEN, District Judge.

This is an action brought under the Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653 (hereinafter referred to as "the Act"), by the United States to recover medical expenses provided by the United States for a dependent member of the Armed Forces, due to injuries resulting from the alleged negligence of the defendant.

42 U.S.C. § 2651 provides:

"(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * * to a person who is injured or suffers a disease * * under circumstances creating a tort liability upon some third person * * to pay damages therefor, *the United States shall have a right to recover from said third person* the reasonable

value of the care and treatment * * and shall, as to this right be subrogated to any right or claim that the injured or diseased person * * * has against such third person to the extent of the reasonable value of the care and treatment * * *.

"(b) The United States *may,* to enforce such right, (1) intervene or join in any action or proceeding brought by the injured * * * person * * against the third person who is liable for the injury * * *; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury * * * involved, institute and prosecute legal proceedings against the third person who is liable for the injury * * *, either alone * * * or in conjunction with the injured * * * person * * *." [Emphasis supplied.]

The original plaintiff, Marie A. Harman, brought an action against the defendant in the District Court of El Paso, Colorado, on April 18, 1963. That action was brought within six months after the accident (February 18, 1963). The case was subsequently settled on January 28, 1964.[1] It would appear that the United States did not intervene[2] in the abovementioned action,[3] nor did the United States require an assignment to it of Marie Harman's claim against the defendant (Wittrock).

This case is now before the court on defendant's Motion to Dismiss (Document 5), and in his supporting brief defendant alleges that the United States (A) "* * * has failed to state a ground for an independent cause of ac-

1. At the argument, the defendant alleged that the settlement included, among other things, reimbursement to Marie A. Harman for the Penrose Hospital bill ($2807.-53) and the fee of Dr. Vincent ($405.). The United States claims reimbursement for the hospital bill and Dr. Vincent's bill, which it claims are $2589.05 and $345., respectively, plus other bills allegedly not included in the settlement.

2. 42 U.S.C. § 2651(b)(1) gives the United States the right to intervene in such a case.

3. See Clerk's Certificate, appended to Document 6. It is noted that this certificate is not under oath and hence does not comply with F.R.Civ.P. 56(c), as referred to in F.R.Civ.P. 12(c). However, plaintiff apparently does not challenge the accuracy of the certificate.

tion * * *" and that (B) its "* * * failure to intervene or join in * * * [the] injured person's [Marie A. Harman] action * * * or to require an assignment * * * of * * * [her] claim * * * leaves plaintiff [United States] without a present cause of action against defendant" (see pages 3 and 4 of Document 6).

■ With respect to his first allegation, defendant cites § 2651(b) of 42 U.S.C. as authority that the Government has failed to state a ground for an independent cause of action against the defendant. The language of this section indicates that an independent cause of action is granted to the United States by § 2651(a). Section 2651(b), relied on by the defendant, is the enforcement procedure by which the United States may recover against a negligent third-party tortfeasor. See United States v. Guinn, 259 F.Supp. 771 (D.N.J.1966), which is a case with a factual situation very similar to the instant case, where Judge Lane, citing § 2651(a), stated at page 773:

"This statute creates an independent cause of action on the part of the Government allowing it to proceed for the recovery of its medical expenditures. * * * * " 4

■ The United States does not lose its rights merely because it fails to proceed in accordance with the permissive language of 42 U.S.C. § 2651(b).5 United States v. Ammons, 242 F.Supp. 461 (N.D.Fla.1965), cited by the defendant, is distinguishable on its facts. In that case, the Government attempted to secure reimbursement from an injured party for whom it had paid medical expenses, and recovery was denied because the United States failed to state a cause of action against the injured party. In this case, the United States seeks reimbursement from a third-party tortfeasor and a right to such recovery is within the terms of the Act.6

■ The defendant in this case argues that a strict construction should be placed on the Act because it gives the Government a right it did not have under the common law. This maxim should not be used to defeat the clear intention of the Congress in passing the Act,7 that of reimbursement of medical expenses furnished to an injured person by the Government from a third-party tortfeasor who is required to pay damages therefor. The legislative history, U.S. Code Cong. & Admin. News 1962, Vol. 2, p. 2637 et seq., indicates that this Act was passed to remedy a deficiency pointed out by the Supreme Court in United States v. Standard Oil Co. of Col., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947). In that case, the United States was refused reimbursement for medical expenses paid by it for one of its military personnel injured by an employee of the Standard Oil Company. The court stated, at pp. 316–317 of 332 U.S., at pp. 1612–1613 of 67 S. Ct., that the United States did not have the authority under the common law to be reimbursed by a third-party tortfeasor in such a case but that Congress could pass legislation so as to give the United States that right.

Defendant's Motion to Dismiss denied.

4. Cf. Phillips v. Trame, 252 F.Supp. 948 (E.D.Ill.1966).

5. 28 C.F.R. 43.2(a) (1) indicates that a dependent who is furnished care in a case such as this *may* be required to give the United States an assignment of his claim for reasonable cost of his medical expenses, thereby emphasizing the use of "may" in 42 U.S.C. § 2651(b).

6. The Act provides for recovery against a third-party tortfeasor, not against the injured party.

7. If Congress had wished to make compliance with 42 U.S.C. § 2651(b) mandatory, it would have used a word such as "shall" in place of "may" in that subsection. It is noted that the word "shall" is used in 42 U.S.C. § 2651(a), as follows: "* * * the United States shall have a right to recover from said third person * * *."