**UNITED STATES of America,**
**Appellant,**

v.

**FORT BENNING RIFLE AND PISTOL**
**CLUB, Appellee.**

**No. 23979.**

United States Court of Appeals
Fifth Circuit.

Nov. 27, 1967.

Walker P. Johnson, Jr., Asst. U. S. Atty., Macon, Ga., Morton Hollander, Howard J. Kashner, Attys., Dept. of Justice, Washington, D. C., for appellant.

W. G. Scrantom, Jr., Max R. McGlamry, Columbus, Ga., for appellee.

Before BROWN, Chief Judge, SIMPSON, Circuit Judge, and SUTTLE, District Judge.

SUTTLE, District Judge:

This suit was brought by the United States under the Medical Care Recovery Act, 76 Stat. 593 (1962), 42 U.S.C.A. §§ 2651–2653 (1964),[1] to recover from the

1. 42 U.S.C. § 2651 reads in part:
   "(a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * * to a person who is injured or suffers a disease, * * * under circumstances creating a tort liability upon some third person * * * to pay damages therefor, the United States

defendant the reasonable value of medical care which the United States furnished a victim of the defendant's allegedly tortious conduct. The complaint, filed on January 6, 1966, alleged that the defendant, appellee here, negligently injured one Ernest Lucero on June 3, 1963, and that the value of the medical services furnished by the United States to Mr. Lucero as a result of this injury is $4,964.

The appellee answered and filed a motion to dismiss, contending that the federal claim under the Medical Care Recovery Act, supra, was barred by Georgia's two-year statute of limitation for personal injury actions.[2] The lower court granted defendant's motion to dismiss and held that the Act did "no more than place the United States in the position of the injured person so that any action by the United States would be subject to the same [state-law] defenses that could be asserted by the alleged tort-feasor against the injured person." [3] The United States contends that in this the court below was in error, arguing that the Medical Care Recovery Act, supra, gives the United States an independent right, not subject to state statutes of limitation, to recover against tortiously liable third persons for the reasonable value of medical and hospital expenses. Both parties thus agree that the question of whether Georgia's

statute of limitation bars the present action depends upon whether the claim urged by the United States is an "independent" one or is rather "derivative" and "secondary" to the claim of the person actually injured, and hence subject to all of the state-law defenses that would be available against the injured individual.

The Medical Care Recovery Act, supra, was Congress's belated response to the result reached in United States v. Standard Oil of California, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947), in which the United States sought to recover the cost of hospitalization and pay expended by it as the result of the injury of a soldier hit by a truck negligently operated by the defendant. The United States Supreme Court denied recovery and indicated that it was the function and responsibility of Congress to impose such a liability on tort-feasors to reimburse the United States for medical expenses.[4] The Court characterized the government's claim as "not one for subrogation," but "rather for an independent liability owing directly to itself as for deprivation of the soldier's services and 'indemnity' for losses caused in discharging its duty to care for him consequent upon the injuries inflicted by [the defendant]." [5]

shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person * * * has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished.

\* \* \* \* \*

"(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person * * * against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in

connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court * * *."

2. Ga.Code Ann. § 3–1004 provides in part: "Injuries to the person—Actions for injuries to the person shall be brought within two years after the right of action accrues * * *." An alternative ground for dismissal of the complaint in the court below and for affirmance here, that the complaint failed to state a cause of action, was not passed upon by the District Court, and is hence not discussed here.

3. Record, p. 21.

4. 332 U.S. at 316, 67 S.Ct. 1604.

5. Id. at 304, 67 S.Ct. at 1606, n. 5.

The bill, as introduced in the House of Representatives,[6] however, gave the United States only a derivative right, "subrogated to any right or claim that the injured * * * person * * * has against such third person with respect to the care and treatment so furnished or to be furnished."[7] The various reports and comments directed to this proposed legislation strongly suggest that the government was to have only a subrogated right, subject to "all equities and defenses" which could have been exercised against the injured person.[8] As a result of hearings by the House of Representatives Judiciary Committee, however, the bill was amended, in part we feel, to make clear that the United States was to have an independent right of recovery, apart from any rights the injured party might have against the tort-feasor.[9] That this was one purpose of the amendments is shown by the comments made by the House Judiciary Committee in its report on the bill,[10] as amended and as passed by the Senate without change.[11]

Whatever ambiguity remains is a result of that portion of the Act which states that the government's right to recover shall "be subrogated to any right or claim that the injured or diseased person * * * has against such third person * * *."[12] This language has led most courts which have considered the problem now before us to hold that the Medical Care Recovery Act, supra, not only creates an independent right in the United States to recover from a tortiously liable third person the reasonable

6. H.R. 298, 87th Cong., 1st Sess. (1961).

7. Id. at § 1(a); 108 Cong.Rec. 6669 (1961).

8. Report of Comptroller General, *as quoted in* S.Rep.No. 1945, 87th Cong., 2d Sess. (1962); 2 U.S.C.Cong. and Admin. News, 1962, pp. 2637 et seq. (1962); see also 2 U.S.C.Cong. and Admin.News, 1962, pp. 2643–2644 (Report of Department of Justice), p. 2646 (Staff Memorandum) (1962).

9. The relevant amendments to H.R. 298 appear in the portions quoted below, bracketing omissions and emphasizing additions thereto:
   "§ 1(a) * * * the United States shall HAVE A RIGHT TO RECOVER FROM SAID THIRD PERSON THE REASONABLE VALUE OF THE CARE AND TREATMENT SO FURNISHED OR TO BE FURNISHED AND SHALL, AS TO THIS RIGHT be subrogated to any right or claim that the injured * * * person * * * has against such third person * * *.
   "§ 1(b) The United States may, to enforce such right [of subrogation or assignment, or both,] (1) * * *.
   "§ 2(b) * * * the head of the department or agency of the United States concerned may (1) compromise, or settle and execute a release of, any claim which the United States has by virtue of [subrogation or assignment under] THE RIGHT ESTABLISHED BY section 1 of this act; or (2) * * *."

10. H.R.Rep.No.1534, 87th Cong., 2d Sess. (1962), which reads in part:
    "The amendments are also intended to make it clear that a specific right is recognized on the part of the Government to recover tortiously (sic) liable third persons." p. 2.
    "This amendment makes clear that the United States is granted a distinct right to recover its costs and that this right is to be effectuated through a partial subrogation to any right which the injured or diseased person may have to proceed against the negligent third party." p. 3.
    "By striking out the reference to subrogation or assignment, the distinct right in the Government along with the equally distinct rights of the individual are again emphasized. It is clear that independent rights of recovery exist and, except as limited in this subsection, their exercise is not conditioned upon action by the Government or the individual." p. 3.
    "Again, by striking out the words 'subrogation or assignment' and inserting the words referring to the right established in section (1), it is again emphasized that the remedy of the Government to assert its rights to recover the cost of medical and surgical services is provided by this legislation." p. 4.

11. S.Rep.No.1945, 87th Cong., 2d Sess. 4 (1962); 2 U.S.C.Cong. and Admin.News, 1962, pp. 2637, 2640 (1962).

12. 42 U.S.C. § 2651, quoted in note 1, supra.

value of the care and treatment furnished an injured person, but also subrogates the government to any rights the injured person may have against such third person for medical expenses.[13] The problem with such a construction is that the quoted language, instead of complementing the right created in the government with an additional right of subrogation, refers directly to and modifies the primary right initially created by the statute.

We think that, properly construed, the Act creates in the United States an independent right of recovery. This right, however, is "subrogated" to the extent that it is subject to any state substantive defenses which would negate the requirement that the injury arise "under circumstances creating a tort liability upon some third person."[14] The government's right to recover cannot be a wholly subrogated right, in the traditional sense, since the only time the Act applies and authorizes recovery is when the United States is required by law to give treatment and care, and hence the injured party, not having himself furnished such care, has no right of recovery to which the United States can be subrogated.[15] Thus, the United States, under this Act, "stands in the role" of a subrogee only to the extent that its independent right to recover depends upon the determination under state law as to when the circumstances create tort liability in some third person. This right is subject only to those substantive state doctrines which create or negate such liability.

We do not attempt here to determine to which state-law defenses the United States is subject and to which it is not. Nor do we suggest that the distinction will necessarily fall along the traditional but uncertain line between "procedure" and "substance."[16]

We do hold that the right of the United States to recover the reasonable value of medical care given to an injured person as a result of the negligence of a third person is not subject to the state statutes of limitation applicable to local personal injury actions. Limitations has nothing to do with whether the circumstances surrounding the injury create a tort liability in that third person.

Our construction of the Medical Care Recovery Act, supra, is further supported by holdings of the Supreme Court that, in the absence of an express congressional waiver, claims of the federal government are not subject to state statutes of limitation.[17] That there has been no such waiver here is clear, as evidenced by the spirited controversy in this case.

The order of the District Court dismissing appellant's action is reversed, and the cause remanded.

Reversed and remanded.

13. Maddux v. Cox, 382 F.2d 119, 123 (8th Cir. 1967), reversing 255 F.Supp. 517 (E.D.Ark.1966); United States v. Guinn, 259 F.Supp. 771 (D.N.J.1966); Tolliver v. Shumate, 150 S.E.2d 579 (W.Va. 1966); see United States v. Jones, 264 F.Supp. 11 (E.D.Va.1967); Cf. United States v. York, 261 F.Supp. 713 (W.D. Tenn.1966); Phillips v. Trame, 252 F. Supp. 948 (E.D.Ill.1966); United States v. Ammons, 242 F.Supp. 461 (N.D.Fla. 1965); see generally Bernzweig, An Analysis and Interpretation of the Federal Medical Recovery Act, 64 Colum.L. Rev. 1257 (1964).

14. 42 U.S.C. § 2651, quoted in note 1, supra.

15. See United States v. Greene, 266 F. Supp. 976, decided February 7, 1967 (N.D. Ill.); United States v. Ammons, 242 F. Supp. 461 (N.D.Fla.1965).

16. See United States v. Greene, supra (Federal claim under Medical Care Recovery Act subject only to substantive state defenses, not procedural or contractual bars).

17. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); Board of Comm'rs of Jackson County in State of Kan. v. United States, 308 U.S. 343, 60 S.Ct. 285, 84 L.Ed. 313 (1939); see United States v. Taylor, 333 F.2d 633 (5th Cir. 1964); Nabors v. N.L.R.B., 323 F.2d 686 (5th Cir. 1963), cert. denied 376 U.S. 911, 84 S.Ct. 666, 11 L.Ed. 2d 609 (1964); United States v. Thomas, 107 F.2d 765 (5th Cir. 1939).