**UNITED STATES of America,
Plaintiff,**

v.

**HOUSING AUTHORITY OF the CITY OF BREMERTON, a public body politic and corporate, Defendant.**

**No. 6551.**

United States District Court
W. D. Washington, N. D.

Dec. 5, 1967.

Eugene G. Cushing, U. S. Atty., Gerald W. Hess, Asst. U. S. Atty., Seattle, Wash., for plaintiff.

John A. Roberts, Jr., of Hullin, Ehrlichman, Roberts & Hodge, Seattle, Wash., for defendant.

## MEMORANDUM OPINION

BEEKS, District Judge.

This action was brought by the United States to recover the value of medical services provided by it to a dependent of a serviceman, which services were necessitated by an injury caused by defendant's negligence. The asserted jurisdictional basis for the suit is 42 U.S.C. § 2651.

Carrie Thomas, the eighteen-month-old daughter of a serviceman, was severely burned on July 17, 1963 when she turned on the hot water faucet in her family's apartment in defendant's housing project. The parties agree that the injury was proximately caused by defendant's negligence. As authorized and required by law, the United States furnished medical and hospital care and treatment to Carrie Thomas, beginning on the day of the accident. On December 5, 1963, less than five months thereafter, Carrie Thomas (by her guardian ad litem) brought a negligence action against the City of Bremerton Housing Authority in state court. The United States had notice of the pendency of that action before it was tried, but made no attempt to intervene or to assert any claim. The trial court's award of damages to Carrie Thomas was affirmed by the Washington Supreme Court in Thomas v. Housing Authority of the City of Bremerton, 71 Wash.Dec.2d 67, 426 P.2d 836 (1967).

While the state court suit was pending on appeal, the United States instituted this independent action against the Housing Authority to recover the value of the medical and hospital care furnished Carrie Thomas. The right of the United States to recover is controlled by 42 U.S. C. § 2651, which provides, in relevant part:

> § 2651. *Recovery by United States— Conditions; exceptions; persons liable; amount of recovery; subrogation; assignment*
>
> (a) In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment * * to a person who is injured * * * under circumstances creating a tort liability upon some third person * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished. The head of the department or agency of the United States furnishing such care or treatment may also require the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, as appropriate, to assign his

claim or cause of action against the third person to the extent of that right or claim.

*Enforcement procedure; intervention; joinder of parties; State or Federal court proceedings*

(b) The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors, against the third person who is liable for the injury or disease; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person, his guardian, personal representative, estate, dependents, or survivors) or in conjunction with the injured or diseased person, his guardian, personal representative, estate, dependents, or survivors.

The three issues raised by the parties, as amended since the pretrial order was submitted, are: (1) whether the United States is barred from bringing this action by its failure to intervene in the state court suit; (2) whether negligence, if any, of Carrie Thomas' parents constitutes a defense in this action; and (3) whether Carrie Thomas' parents were in fact negligent. All other issues, including damages, have been resolved by stipulation. The parties have agreed to submit the two issues of law to the court's decision prior to trial of the issue of fact.

Defendant contends that under the language of § 2651(b) the United States can bring its own action against the tortfeasor *only* where no suit has been commenced by the injured party within six months after the first day in which care and treatment is furnished by the Government; and that if (as here) such suit is brought by the injured party within six months, the United States *must* intervene if it wishes to assert a claim. The United States takes the position that the language of § 2651(b) is permissive, not mandatory, and that therefore the United States is not limited to the two listed means of enforcement of its right of recovery.

The statute involved in this case, known as the Medical Care Recovery Act, was passed in 1962 in response [1] to the Supreme Court's holding in United States v. Standard Oil Co., 332 U.S. 301, 67 S. Ct. 1604, 91 L.Ed. 2067 (1947). In that case, the United States had been obliged to furnish medical services to the victim of a tortious act of a third person. The Supreme Court held that recovery by the United States against the tort-feasor was not available in the absence of specific statutory authority.

The parties have drawn to the court's attention only three published opinions in which the courts, in interpreting this statute, have grappled with the problem presented in this case. All have been in the district courts, and there is a direct conflict between the respective holdings.

United States v. York, 261 F.Supp. 713 (W.D.Tenn.1966), is virtually indistinguishable from the case at bar. There, as here, the state court suit had been brought within the six-month period, and resulted in an award of damages to the injured party. But the United States, instead of intervening, brought its own action. The Court held that the claim of the United States was barred for failure to intervene in the state court suit, reasoning that since the Medical Care Recovery Act created a new cause of action it must be construed strictly against the United States. An appeal to the Court of Appeals for the Sixth Circuit is now pending.

---

1. The legislative history of the statute demonstrates that its passage was in direct response to the *Standard Oil* case. See 1962 U.S.Code Cong. & Ad.News, p. 2637.

In United States v. Bartholomew, 266 F.Supp. 213 (W.D.Okl.1967) the injured parties executed releases in favor of the tort-feasor and the Court held that this did not bar the United States from bringing its action under 42 U.S.C. § 2651. The portion of the opinion relevant to this case is:

> "It is clear that the Act allows a direct suit by the government against the third party only where no suit has been commenced by the injured party within six months after the first day in which care and treatment is furnished by the government. [Sec. 2651(b) (2)] If such suit be brought by the injured party *within* the six month period then the government, to enforce its claim, must intervene. [Sec. 2651(b) (1)]" (266 F.Supp. at 214) (Emphasis in original.)

The third, and most recent, discussion of this problem takes a different view of the statutory language. In United States v. Wittrock, 268 F.Supp. 325 (E.D.Pa. 1967), the state court action was brought within the six month limitation, and settled before trial. The United States did not intervene in the action, but brought its own suit against the tort-feasor in federal court. The court denied defendant's motion to dismiss, and without mentioning either *York* or *Bartholomew* ruled: "The United States does not lose its rights merely because it fails to proceed in accordance with the permissive language of 42 U.S.C. § 2651(b)." (268 F.Supp. at 327). In a footnote, the Court observed, "If Congress had wished to make compliance with 42 U.S.C. § 2651 (b) mandatory, it would have used a word such as 'shall' in place of 'may' in that subsection."

Two basic considerations prompt this court to adopt the reasoning of the *York* and *Bartholomew* cases in interpreting this unfortunately ambiguous statute. First, an interpretation permitting the Government to bring its own action after the completion of litigation between the victim and the tort-feasor would unnecessarily subject the latter to multiple litigation. The tort-feasor would be forced to defend a new suit by the United States after just having defended a suit arising from the same occurrence, where both claims could easily have been adjudicated in the state court proceeding. Such could hardly have been the intention of Congress.

It is true, as the United States points out, that § 2651(b) specifically grants the United States the right to, " * * * institute and prosecute legal proceedings. * * * " But the right of action granted by that subsection is explicitly limited to cases in which the victim has not himself brought suit within the six month period. Thus where the victim *has* brought such an action, the United States has no explicit authorization from the statute to bring its own action.

But the United States argues that the language of § 2651(b) is permissive, not mandatory, in that it provides: "The United States *may,* to enforce such right, (1) intervene or join in any action or proceeding * * * or (2) if such action or proceeding is not commenced within six months * * * institute and prosecute legal proceedings. * * * " (Emphasis added). From this the United States argues that it is not foreclosed from other means of enforcement—including an independent action even where the victim has brought his own suit within six months.

■■ While the United States may well be correct in contending that the permissive language makes available to it other methods of enforcement, the one it seeks to employ here is beyond the pale. If Congress had intended to permit the United States to enforce its right by an independent suit irrespective of whether the victim brought a suit within the six month period, there would have been no need or function for the conditional clause which introduces subsection 2651 (b) (2). Had such been Congress' intention, it would have dispensed with that entire clause. Under the familiar rule of statutory construction that the courts must interpret a statute in a manner which gives meaning to all portions thereof, this court must reject the interpreta-

tion urged by the United States. The court therefore concludes that the United States is barred from bringing this action for failure to intervene in the state court action.

In view of this holding, the court need not pass upon the existence or the legal relevance of negligence on the part of the parents of Carrie Thomas.

The action is dismissed with prejudice.