**UNITED STATES of America, Plaintiff,**

v.

**Walter W. WINTER, Sr., as Administrator of the Estate of Walter W. Winter, Jr., Deceased, Defendant.**

**Civ. A. No. 42471.**

United States District Court
E. D. Pennsylvania.

Nov. 28, 1967.

Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

David E. Abrahamsen, LaBrum & Doak, Philadelphia, Pa., for defendant.

## OPINION

FULLAM, District Judge.

This civil action has been brought by the United States of America under the provisions of the Medical Care Recovery Act, 42 U.S.C.A. §§ 2651–2653 to recover the value of medical services rendered to James H. Kershaw in the United States Naval Hospital at Philadelphia. It is claimed that these medical services were necessary for the treatment of injuries sustained by Mr. Kershaw in an accident which was due to the negligence of the defendant's decedent, Walter W. Winter, Jr. Previously, a claim was asserted against the defendant on behalf of the injured Kershaw; this claim has been settled and general releases obtained. The defendant has now moved for summary judgment, on the theory that the release from Kershaw bars the present suit by the government.

The statute in question provides that when the United States furnishes medical services to a person injured as a result of actionable negligence of a third party,

" * * * the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured * * * person * * * has against such third person to the extent of the reasonable value of the care and treatment so furnished or to be furnished * * *

"The United States may, to enforce such right, (1) intervene or join in any action or proceeding brought by the injured or diseased person. * *; or (2) if such action or proceeding is not commenced within six months * *. institute and prosecute legal proceedings against the third person who is liable for the injury or disease, in a State or Federal court, either alone (in its own name or in the name of the injured person * * *) or in conjunction with the injured or diseased person * * *"

Defendant's motion for summary judgment must be denied, for the reasons stated in such cases as United States v. Wittrock, 268 F.Supp. 325 (E.D.Pa.1967); United States v. Jones, 264 F.Supp. 11 (E.D.Va.1967); United States v. Guinn, 259 F.Supp. 771 (D.N.J. 1966); and Phillips v. Trame, 252 F.Supp. 948 (E.D.Ill.1966). Contrary to defendant's assertions, this does not render meaningless the subrogation language in the statute. In some procedural contexts, subrogee status may be significant. But it would be utterly unreasonable, and inconsistent with the statute as a whole, to conclude that it was the intent of Congress to relegate the government exclusively to subrogee status. It was clearly the intention of Congress to create an independent right of action in the government, and to enable the government freely to assert this cause of action in any of a wide variety of possible procedural alternatives.

Moreover, to label the government a subrogee in this case would not justify granting the defendant's motion for judgment, since the defendant must be presumed to have been aware of the law, and thus on notice of the government's claim, when the release was obtained. Cf. United States v. Guinn, supra.

The suggestion that to permit recovery by the government in this action would impose double liability is unrealistic. Since the injured party was not billed for, and did not pay for, the medical services in question, it seems highly unlikely that these hospital expenses played any part in the settlement negotiations between the defendant and Kershaw. In

fact, it was virtually conceded at oral argument that Kershaw neither claimed nor was paid any money representing the value of his treatment at the Naval Hospital.

For all of the foregoing reasons, defendant's motion for summary judgment will be denied.