**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**Joseph M. HAYNES and Allstate Insurance Company, Defendants-Appellees.**

**No. 30650.**

United States Court of Appeals,
Fifth Circuit.

June 1, 1971.

Don M. Richard, Asst. U. S. Atty., New Orleans, La., Morton Hollander, Raymond D. Battocchi, Attys., Dept. of Justice, Washington, D. C., for appellant.

James E. Moore, Baton Rouge, La., for appellees.

Before BROWN, Chief Judge, and COLEMAN and CLARK, Circuit Judges.

CLARK, Circuit Judge:

This action, brought by the United States of America under the provisions of the Medical Care Expense Recovery Act, 42 U.S.C.A. § 2651 *et seq.*, sought to recover for certain medical services which it was statutorily obligated to render. Since we determine that the Louisiana law which grants the cause of action for the recovery of medical expenses exclusively and solely to the community and therefore to the husband as its master, is a procedural device which has nothing to do with whether the circumstances surrounding the injury create a tort liability, we reverse the district court.

The facts are not disputed. On September 21, 1966, in Irwin, Louisiana, Mrs. Vida Haynes was a passenger in a car owned and operated by her serviceman-husband, Joseph Haynes. Mr. Haynes' negligent driving caused an accident which resulted in severe bodily injuries to his wife. Since Mrs. Haynes was a military dependent, the United States was required to,[1] and did, provide medical care and treatment, the reasonable value of which amounted to $1,025.-25. At the time the accident occurred, Mr. Haynes was insured by the Allstate Insurance Company, which provided him with liability coverage.

The United States instituted this action under the Medical Care Expense Recovery Act, 42 U.S.C.A. § 2651 *et seq.* (hereinafter Act) in the United States District Court for the Eastern District of Louisiana, against Mr. Haynes and Allstate,[2] to recover the value of the medical care given to Mrs. Haynes. The district judge granted the joint motion of Mr. Haynes and Allstate to dismiss on the ground that they were free from liability because, under the peculiarities of Louisiana law, Mrs. Haynes' tort claim for medical care expense (unlike her claim for personal injuries), is a community claim which must be brought by the husband as master of the community, and that a suit by the husband against himself would be barred. In this resulting appeal, we are called on to determine whether the trial court erred in concluding that under Louisiana law a tort-feasor husband and his insurer can defeat the right of the United States to bring an action against them under the Act by raising a personal defense of the husband derived from that State's community property law.

## I.

Reduced to fundamentals, the basic purpose of the Medical Care Expense Recovery Act is to allow the federal government to recover from third party wrongdoers the value of medical care which is provided to injured persons. Section 2651(a), which is determinative of the instant case, provides in pertinent part:

> In any case in which the United States is authorized by law to furnish hospital, medical, surgical, or dental care * * * to a person who is injured * * * under circumstances creating tort liability upon some third person * * * to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished * * * and shall, as to this right be subrogated to any right or claim that the injured * * * person * * * has against such third person.

Our course to a proper application of this Code section has in part been charted by this Circuit's decision in United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884 (5th Cir. 1967). In

---

1. 10 U.S.C.A. §§ 1071, 1072(2) (A) (1959).

2. Louisiana has a statute which permits a direct action against an insurance carrier. LSA–R.S. 22:655 (1971 Supp.)

the instant case, as in *Fort Benning*, the question of whether a certain state's defenses would bar an action brought under the Act depends upon whether the claim urged by the United States is an independent one or is rather derivative or secondary to the claim of the person actually injured. In *Fort Benning*, this Circuit held that:

> [T]he Act creates in the United States an independent right of recovery. This right, however, is "subrogated" to the extent that it is subject to any state substantive defenses which would negate the requirement that the injury arise "under circumstances creating a tort liability upon some third person." The government's right to recover cannot be a wholly subrogated right, in the traditional sense, since the only time the Act applies and authorizes recovery is when the United States is required by law to give treatment and care, and hence the injured party, not having himself furnished such care, has no right of recovery to which the United States can be subrogated. Thus, the United States, under this Act, "stands in the role" of a subrogee only to the extent that its independent right to recover depends upon the determination under state law as to when the circumstances create tort liability in some third person. This right is subject only to those substantive state doctrines which create or negate such liability. (footnotes omitted)

■ The issue thus reduces itself to the following: Is a wife who is injured by her husband, a person injured "under circumstances creating tort liability" upon the husband? This question must be answered in the affirmative.

■ The cases which have sought to apply the Act demonstrate that those defenses which have nothing to do with whether the circumstances surrounding the injury create a tort, cannot defeat the independent right of the United States to recover. Thus, in *Fort Benning*, this Circuit rejected the argument

that a state's statute of limitations might be used to bar an action by the United States. United States v. Gera, 409 F.2d 117 (3rd Cir. 1969) came to the same conclusion. In these cases, the government's independent right of recovery against a third party tort-feasor was not limited to whatever rights others had against the defendant. This point was reemphasized in United States v. Housing Authority of the City of Bremerton, 415 F.2d 239 (9th Cir. 1969). Here the United States sued under the Act for the value of the medical care it supplied to the infant daughter of a serviceman. The negligent third-party tort-feasor contended that under applicable state law the only parties who could have sued for the medical payments were the parents, who assertedly were barred because they had been contributorily negligent; thus, the inability of the parents to sue the tort-feasor precluded the government from suing.

In rejecting this argument the Ninth Circuit relied heavily upon *Fort Benning*, *supra*, to declare that "under the Act, the predicate for United States recovery is made out when there exists a party upon whom tort liability may be fastened." The court went on to say that recovery might be barred by substantive defenses such as contributory negligence as where the injured party himself was negligent and where under the applicable state law that contributory negligence absolved the third party from liability. Then the United States would be barred from recovery because the existence of contributory negligence would negate the creation of any tort liability upon the third party. However, in the *Bremerton* case the third-party tort-feasor parent would be liable in tort for the infant's injuries, and possible contributory negligence of the parents which, under state law, would affect their right to be the nominal plaintiffs was irrelevant to the *creation* of that liability. The terms of the Act were thus fully met and any contributory negligence on the part of the parents could in no way defeat recovery by the United States, be-

cause to say that the contributory negligence of the parents bars both parents' and the government's right to recover the medical expenses would wrongfully assume that the government was frozen to whatever defensive rights the tortfeasor might have against another plaintiff. As was pointed out in *Bremerton*:

> [T]he government has an independent right to recovery; it is not merely a subrogee. Furthermore, recovery by the parents is forbidden if they are contributorily negligent because otherwise they would profit in spite of their wrongdoing. However, the United States has been guilty of no wrongdoing, and the policy that excludes recovery by the parents is inapplicable to the United States.

Implicit in our language thus far is the second reason which impels us to the instant position. Aside from the single limitation contained within the Act, namely that the defendant must have committed a tortious act, Congress necessarily created the right of independent action "to free its right of subrogation from the vagaries of state law." United States v. Merrigan, 389 F.2d 21, 24 (3rd Cir. 1968). The United States Supreme Court spoke in much the same language in United States v. Standard Oil Co. of Calif., 332 U.S. 301, 67 S.Ct. 1604, 91 L. Ed. 2067 (1967), when it spoke of the government's claim against the third-party tort-feasor of a serviceman for whom medical aid was provided. The government's claim was "not one for subrogation. It [was] rather for an independent liability owing directly to itself as * * * 'indemnity' for losses caused in discharging its duty to care for [the injured party] consequent upon the injuries inflicted by" the third-party tort-feasor. The Court further pointed out that the government's right to be indemnified should "not vary in accordance with the different rulings of the several states, simply because the soldier marches or,

* * * flies across state lines."[3] In order to maintain uniformity of decisions and results, Congress created an independent right of action in the United States. We hold this right is not affected by Louisiana's procedural proviso that medical claims of a wife belong to her husband.

The Louisiana law of community property, which places the ownership of the claim to recover for medical expenses incurred by either party to a marriage exclusively in the husband, is a procedural device indigenous to Louisiana and an integral part of its statutory scheme to govern family law. It is in no way a circumstance creating or negating tort liability. Just as in the above cited cases the defense asserted here relates to whether the injured person can recover for the tort, not whether an actionable tort in fact was committed. Here there was no act by Mrs. Haynes nor any substantive tort defense attributable to her which would absolve Mr. Haynes from liability. The state procedure of placing the medical expense portion of a wife's cause of action for a tortious injury in the husband, which would preclude her from bringing a suit in her own proper person, does not prevent the government from maintaining a suit against the third-party tort-feasor just because he is the husband rather than a stranger to the marriage contract. The government's right is independent and is not limited by procedural bars to which others—including Mrs. Haynes herself—might be subject. Moreover, the marital relations policy behind this state procedure is inapplicable to the federal government. The essential element—"circumstances creating tort liability"—is present.

The decision of the lower court is reversed and the cause is remanded with directions to enter judgment in favor of the United States against the defendants, in accordance with this opinion.

Reversed and remanded.

3. The Supreme Court went on to hold that the United States had no independent right under existing federal law since there was no existing federal legislation to enable such a recovery.