**UNITED STATES of America, Plaintiff,**

v.

**Joseph Allan FORTE et al., Defendants.**

**Civ. A. No. 76–165.**

United States District Court,
D. Delaware.

Feb. 25, 1977.

Kent Walker, Asst. U. S. Atty., Wilmington, Del., for plaintiff.

Wayne N. Elliott of Prickett, Ward, Burt & Sanders, Wilmington, Del., for defendant Forte.

Charles K. Keil and Alan T. Boyd of Bayard, Brill & Handelman, Wilmington, Del., for defendants Davis and Massey.

## MEMORANDUM OPINION

LATCHUM, Chief Judge.

Whenever the United States is authorized or required to furnish medical care and treatment to a person, injured under circumstances creating a tort liability upon some third person, it is entitled under the federal Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653, to recover from the third person the reasonable value of the care and treatment furnished. The United States seeks in this case to recover from all the named defendants $9,187.00 as the reasonable value of the medical treatment rendered Marshall Carter, a military service veteran, who was injured while riding as a passenger in defendant Forte's automobile that collided with a tractor-trailer operated by defendant Massey and owned by defendant Davis at the intersection of U.S. Route 113 and State Route 20, ½ mile north of Millsboro, Delaware.[1]

The question presented at this juncture by the defendant Forte is the applicability of the Delaware automobile guest statute, 21 Del.C. § 6101, to him in this action brought by the United States under the

1. Jurisdiction exists by virtue of 28 U.S.C. § 1345.

Medical Care Recovery Act (the "Act").[2] That Act has been held to create in the United States an independent right of recovery that is subrogated only to the extent that it is subject to any state substantive defenses which would negate the requirement that the injury arise under circumstances creating a tort liability upon some third person. *United States v. Merrigan*, 389 F.2d 21 (C.A.3, 1968); *United States v. Fort Benning Rifle & Pistol Club*, 387 F.2d 884 (C.A.5, 1967).

Defendant Forte argues that the circumstances creating tort liability with respect to him are subject to the Delaware guest statute, a substantive state law that abolishes a nonpaying passenger's cause of action against a host driver for ordinary negligence.[3] In other words, the defendant Forte argues that to recover against him under the Act, the United States must prove that he, as the operator of the vehicle in which Carter was a passenger, caused the accident intentionally or in willful or wanton disregard of the rights of others.

■ After carefully considering the arguments of opposing counsel, however, the Court concludes that enforcement of the Act by the United States is not subject to the provisions of the Delaware guest statute. This conclusion is premised on an earlier binding decision by the Third Circuit, *Moore v. United States*, 469 F.2d 788 (C.A.3, 1972), which considered the impact of a state's family immunity law on a suit to recover medical expenses. There the government sought to recover the reasonable value of medical care furnished to a member of the armed forces who was injured by his wife's negligent operation of an automobile. The narrow question presented to the Court of Appeals was whether a state's family immunity law was available as a defense to the government's suit under the Act. The Court, answering in the negative, held that the state's immunity law merely imposed a legal disability on the right to sue for the negligence of one's spouse or parent and that such laws did not operate to purify the wrongfulness of the tortfeasor's conduct so as to deprive a third person, such as the United States, of its independent right of recovery. *Moore, supra*, at 791–94.[4]

**2.** After defendant Forte asserted the guest statute as an affirmative defense to this action the Court, on its own initiative, requested the parties to submit briefs concerning the sufficiency of such a defense. *See* Rule 12(f), F.R.Civ.P.

**3.** 21 Del.C. § 6101 provides in part:

"(a) No person transported by the owner or operator of a motor vehicle, boat, airplane or other vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

**4.** In a more recent decision the Third Circuit considered the effect of a state statute requiring a timely notice of intent to claim benefits under the state Motorists' Unsatisfied Claims Fund. *United States v. Studivant*, 529 F.2d 673 (C.A.3, 1976). Finding that a timely notice of intent was a valid condition precedent to a cause of action against the fund, the majority held that failure to comply with the statute prevented the government from acquiring a cause of action. Thus in the absence of "circumstances creating a tort liability upon" the state fund, the United States had no basis for its suit to recover medical expenses. *Id.* at 675–76.

In a dissenting opinion, Judge Biggs argued that the majority had overruled its earlier decision in *Moore*. Judge Biggs went on to point out, and I am inclined to agree, that *Moore* had perhaps gone "too far" and that, in any event, the inconsistencies of *Moore* and *Studivant* "present [a] puzzling condition of the law [that] does little justice to the United States or to the States." *Id.* at 679. *See also Moore v. United States, supra*, at 794–803 (Biggs, J., dissenting).

Nevertheless, the *Studivant* majority distinguished *Moore*, and presumably assured us of its continuing validity, in the following language.

"*Moore* held that a state law interspousal immunity did not preclude the government from maintaining a suit. The court reasoned that the immunity was merely a disability attached to the right to sue and did not destroy the defendant's tort liability. The underlying cause of action was based on common law negligence and not on a statute which created a restricted right of recovery." 529 F.2d at 676.

By analogy, Delaware's automobile guest statute does not operate to purge an automobile owner or operator of any and all tort liability. Rather, the guest statute imposes a limitation or disability on an injured non-paying passenger's right to recover for ordinary negligence, in effect cloaking the negligent driver with limited immunity for ordinary negligence. Of course, the limited immunity is not available to protect a host driver if the injured non-paying guest proves the accident was intentional or was caused by the driver's willful or wanton disregard of the rights of others. *See Mumford v. Robinson*, 231 A.2d 477, 479 (Del.Supr.1967) ("a guest statute such as ours is in derogation of the common law, and, when applicable, prevents redress for a wrong").

 Like the family immunity law considered in *Moore*, the Delaware guest statute neither destroys the driver's basic tort liability nor deprives a third person of his right to recover for the driver's ordinary negligence. *See Mumford v. Robinson, supra; cf.* 2 F. Harper & F. James, The Law of Torts § 16.15 at 959–61 (1956). Therefore, the essential element of a suit by the United States to recover medical expenses —"circumstances creating tort liability"—is present, and a state created limited defense without purgative effect is inapplicable. *Moore v. United States, supra; cf. United States v. Haynes*, 445 F.2d 907 (C.A.5, 1971); *United States v. Housing Authority of the City of Bremerton*, 415 F.2d 239 (C.A.9, 1969) (alleged contributory negligence of parents of dependent not available as a defense against the United States); *United States v. Gera*, 409 F.2d 117 (C.A.3, 1969) (state statute of limitations is not binding on the United States in a suit to recover under the Act).[5]

Accordingly, the Court concludes that enforcement of the Medical Care Recovery Act is not subject to the Delaware automobile guest statute and the defendant Forte's assertion of that statute as an affirmative defense to bar a suit against Forte for ordinary negligence is insufficient as a matter of law and will be stricken from Forte's amended answer.

An order will be entered in accordance with this memorandum opinion.[6]

---

5. Furthermore, the purposes served by the Delaware guest statute—deterrence of collusive suits and protection of drivers who have transported another without benefit to themselves—are inapplicable to the federal government.

6. While Forte's amended answer also pleaded the affirmative defenses of lack of jurisdiction, satisfaction and accord, and statute of limitations, these affirmative defenses have been withdrawn by Forte (Docket Item 30, p. 4) and will be stricken from his amended answer.