**UNITED STATES of America**

**v.**

**Harold J. THERIAQUE, Gatehouse Industries, Inc. and Home Insurance Company.**

**Civ. A. No. 80–0286–F.**

United States District Court,
D. Massachusetts.

Nov. 17, 1987.

Mary Elizabeth Carmody, Asst. U.S. Atty., for U.S.

Gerard L. Pellegrini, Springfield, Mass., for Gatehouse Industries and Home Ins.

## MEMORANDUM AND ORDER

FREEDMAN, Chief Judge.

Before the Court is the government's motion to strike from trial defenses raised

by defendants, and defendants' objections thereto.

## I.  FACTS [1]

Defendant Gatehouse Industries, Inc. ("Gatehouse") owned a bar and hotel complex in West Springfield, Massachusetts. A part-time employee named Theriaque rented a room in the hotel.  On October 29, 1977 Theriaque consumed alcohol over a period of time and was found the next day at the foot of a fire escape leading to the roof of defendant Gatehouse's hotel.  Theriaque was rendered a paraplegic by the apparent fall and because of his status as a veteran, received free medical treatment from the Veterans' Administration Hospital ("VAH"), which is maintained and funded by the federal government.  In 1979 Theriaque filed suit against Gatehouse to recover damages for his injuries.  He later settled with Gatehouse, signing a release.

The United States subsequently filed the present suit against Theriaque, Gatehouse and its insurer, Home Insurance Company, under 42 U.S.C. § 2651(a), the Medical Care Recovery Act ("MCRA").[2]  The complaint seeks recovery of money expended by the United States for Theriaque's treatment at the VAH.  Defendants seek to raise the defenses of statute of limitations, release and comparative negligence.  The government now moves to strike each of these defenses.

## II.  DISCUSSION

### A.  Statute of Limitations

■ The parties agree in their memoranda that 28 U.S.C. § 2415(b) governs the statute of limitations in this case.  It allows the government to file complaints for money damages grounded in tort within three years after the right of action first accrues.  The accident in this case occurred on October 30, 1977.  The complaint was filed on October 30, 1980.  Defendants' position appears to be that an action filed on the last day possible, i.e. precisely three years after the cause of action accrues, is not "within three years."  Defendants offer no support for this claim, and the Court rejects the argument.  The statute of limitations has been satisfied in this case.  *Cf. United States v. Gera*, 409 F.2d 117, 119–21 (3d Cir.1969).

### B.  Release

■ The injured Theriaque settled his claim against the hotel and its insurer and signed a release on October 15, 1979.  Defendants maintain that the release binds the government, preventing it from now bringing suit under the MCRA.

The government was not part of the negotiations leading to the settlement, nor was it a party to the written release.  The government cites three old, yet persuasive, cases holding that, when a tort-feasor has actual or implied notice that the injured party received government-provided medical treatment for injuries, the injured party's release does not affect the government so as to prevent it from exercising rights conferred to it under the MCRA.  *See United States v. Winter*, 275 F.Supp. 895, 896–97 (E.D.Penn.1967); *United States v. Jones*, 264 F.Supp. 11, 14 (E.D.Va.1967); *United States v. Guinn*, 259 F.Supp. 771, 773 (D.N.J.1966); *see also United States v. Greene*, 266 F.Supp. 976, 980 (N.D.Ill.1967).

A review of the record in this case indicates that defendants Gatehouse Industries, Inc. and Home Insurance Company, through their attorney, had actual notice that Theriaque received medical services at the VAH for his injuries.  Interrogatory answers in preparation for Theriaque's suit against the hotel show defendants had actual knowledge that Theriaque received hospital services from the VAH worth ap-

---

**1.** The following facts are an abbreviated version of those found by a magistrate and adopted by this Court in its Memorandum and Order denying the government's motion for summary judgment.  *See* No. 80–0286–F at 2–4 (D.Mass. Sept. 23, 1986) (order denying summary judgment) [Available on WESTLAW, 1986 WL 10515].

**2.** *See infra*, p. 398, for the relevant text of the MCRA.

While Mr. Theriaque is a named defendant, this Court has dismissed the count against him in a previous order.  Theriaque, therefore, is no longer a defendant in this litigation.

proximately $45,500.00. *See* Exhibit B attached to plaintiff's motion for summary judgment. These interrogatory answers predate the date of the release. Knowledge of these VAH services is at least implicit or constructive notice of the government's rights under the MCRA. *See United States v. Guinn,* 259 F.Supp. at 773. Moreover, it is likely that the release did not contemplate settling the VAH services because Theriaque's medical bills alone, including the VAH services, amounted to over $77,000.00. Yet, the settlement was for only $68,000.00. *See United States v. Winter,* 275 F.Supp. at 896–70; Defendants' Objection to Plaintiff's Motion for Summary Judgment at 5. Due to defendants' actual or implied knowledge of the government's right to recover against defendants the value of the VAH services provided to the person injured, Theriaque's release does not preclude the government from asserting its right to sue defendants pursuant to the MCRA.[3]

### C. Comparative Negligence

█ The final defense raised by defendants is far more troubling than the two previously discussed. The MCRA in relevant part, reads:

> In any case in which the United States is authorized or required by law to furnish hospital, medical, surgical, or dental care and treatment ... to a person who is injured or suffers a disease ... *under circumstances creating a tort liability upon some third person* ... to pay damages therefor, the United States shall have a right to recover from said third person the reasonable value of the care and treatment so furnished or to be furnished and shall, as to this right be subrogated to any right or claim that the injured or diseased person ... has against such third person to the extent of the reasonable value of the care and

treatment so furnished or to be furnished.

42 U.S.C. § 2651(a) (emphasis added).

The government's rights under the MCRA appear to be subrogated to those of the injured person and may only be asserted where there is third party liability. To this end, certain state law defenses available to defendants against the injured person bar the government from asserting its rights under the MCRA. Accordingly, the government may not bring suit under the MCRA for costs it incurred from treating victims of automobile accidents in states which have enacted so-called no fault liability laws. *See United States v. Dairyland Insurance Company,* 674 F.2d 750, 751 (8th Cir.1982); *Heusle v. National Mutual Insurance Company,* 628 F.2d 833, 838 (3d Cir.1980). This is because the no fault laws negate "circumstances creating a tort liability upon some third person." 42 U.S. C. § 2651(a).

█ Yet, courts have also held that other types of state law defenses available to defendants against the injured person *do not* apply to prevent the government from suing the tort-feasor under the MCRA. For example, the Third Circuit has held that a state's family immunity law, preventing a man and his children from suing their wife/mother for injuries caused by her negligent driving, did not bar the government from suing her for the value of medical services it provided to the husband and children. *See United States v. Moore,* 469 F.2d 788, 790 (3d Cir.1972); *United States v. Haynes,* 445 F.2d 907, 909 (5th Cir.1971). Additionally, state automobile guest statutes, preventing injured automobile guest passengers from suing their drivers absent a finding of at least gross negligence, are inapplicable to the government under the MCRA. *See United States v. Forte,* 427 F.Supp. 340, 341 (D.Del.1977); *Government Employees In-*

---

**3.** While no court has ever decided the issue, even if defendants were unaware when the release was executed that Theriaque's medical bills were paid by the government, the government could still file suit against defendants to recover the cost of Theriaque's treatment. This is because, as discussed *infra,* the government's

rights according to the MCRA are independent of the injured party's. Thus, the government will not be bound by a release to which it was not a party. *See* 42 U.S.C. § 2651(b); *United States v. Merrigan,* 389 F.2d 21, 23–24 (3d Cir. 1968); *United States v. Greene,* 266 F.Supp. at 980.

*surance Company v. Bates,* 414 F.Supp. 658, 659 (E.D.Ark.1975); *but cf. United States v. Neal,* 443 F.Supp. 1307, 1312–13 n. 18 (D.Neb.1978). The reason the government was not precluded by these state law defenses from suing under the MCRA is that the government was not the spouse in *Moore,* and it was not the guest in *Forte.* It was an independent plaintiff asserting its rights under the MCRA.

■ The message from the above-cited cases, and others, is that the United States is not merely a subrogee in suits brought under the MCRA. *See United States v. Housing Authority of the City of Bremerton,* 415 F.2d 239, 241 (9th Cir.1969); *United States v. Winter,* 275 F.Supp. at 896; *United States v. Greene,* 266 F.Supp. at 978. Rather, the United States has an independent right to sue the tort-feasor and its rights are subrogated only in the sense that it may not sue in situations where state law negates the creation of tort liability in the third person. *See United States v. Studivant,* 529 F.2d 673, 676 n. 6 (3d Cir.1976); *United States v. Moore,* 469 F.2d at 790.[4] That is, while under the MCRA the government is subject to state law defenses such as no fault liability laws, which affect the *creation* of third person tort liability, it is not subject to state law defenses such as family immunity laws and automobile guest statutes which only regulate the *application* of, and ability to recover for, existing tort liability upon some third person. The distinction is subtle yet apparent in cases which have interpreted the language of the MCRA. To determine which state law defenses are applicable to the government, one must decide whether the specific defense raised negates "circumstances creating a tort liability upon some third person." 42 U.S.C. § 2651(a). This legislative language thus acts to prevent defendants in MCRA cases from raising those state law defenses which do not affect the creation of tort liability.

With this backdrop, the question regarding the present case becomes clear. Does the Massachusetts comparative negligence law affect the creation of tort liability or does it merely regulate its application?

Massachusetts General Laws chapter 231, section 85 reads in part:

> Contributory negligence shall not bar recovery in any action by any person or legal representative to recover damages for negligence resulting in death or injury to person or property, if such negligence was not greater than the total amount of negligence attributable to the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made. In determining by what amount the plaintiff's damages shall be diminished in such a case, the negligence of each plaintiff shall be compared to the total negligence of all persons against whom recovery is sought. The combined total of the plaintiff's negligence taken together with all of the negligence of all of the defendants shall equal one hundred percent.

Language from Massachusetts cases indicates that Mass.Gen. Laws ch. 231 § 85 does not affect the creation of tort liability, even where the plaintiff is more than 50% negligent. Rather, the statute is designed to determine the proportions of plaintiff's recovery for existing tort liability. The statute either reduces the amount of, or bars completely, recovery for the tortious conduct of another. By way of illustration, when a jury decides that a plaintiff is 51% contributorily negligent while applying Mass.Gen. Laws ch. 231 § 85, the effect of such a decision is not that the defendant has been found "not negligent," but rather, that because of a policy decision, the Mas-

---

4. Defendants maintain the government is nothing but a subrogee under the MCRA. Yet, this cannot be so. In every case brought under the MCRA, the government seeks to recover money from a defendant in situations where the injured person himself has no such right. Theriaque could not sue for the value of the VAH treatment. Accordingly, he has no right to which the government may be subrogated. This is why the government's rights must be viewed as independent of the injured party's under the MCRA and why the government is more than a mere subrogee in such situations. *See United States v. Greene,* 266 F.Supp. at 979.

sachusetts legislature has decided that plaintiff may not recover for the 49% negligence of the defendant. In other words, defendants are not absolved from a finding of tort liability in such a situation, but are shielded from paying for their tortious act. *See Zeller v. Cantu,* 395 Mass. 76, 478 N.E.2d 930, 932 (1985); *Riley v. Davison Construction Company,* 381 Mass. 432, 409 N.E.2d 1279, 1283 (1980); *Graci v. Damon,* 6 Mass.App.Ct. 160, 374 N.E.2d 311, 317, *aff'd* 376 Mass. 931, 383 N.E.2d 842 (1978); Prosser & Keeton, *The Law of Torts,* § 67 at 469 (5th ed. 1984) (comparative negligence doctrine created to address cases where "there is negligence on the part of both parties").[5]

Defendants claim that the government stands in the shoes of Theriaque and that if he is found more than 50% liable for his own injuries, then the government may not recover. Similarly, if the jury finds Theriaque less than 50% liable, then the government's recovery must be reduced by the percentage of Theriaque's contributory negligence. This argument ignores the fact that the government's rights under the MCRA are independent of those of the injured party. Because the comparative negligence statute in Massachusetts regulates rather than negates "circumstances creating tort liability upon some third person," the government's right to recover the value of the VAH treatment should not be impaired by Theriaque's negligence, if any, as long as the factfinder finds defendants were negligent with respect to Theriaque's injuries. This result may seem inequitable, harsh, and contrary to the policies of various states, as defendants must pay the government the full value of Theriaque's VAH treatment even if they are found only 1% negligent for Theriaque's injuries. Yet, it may not be doubted that the MCRA created in the government a federal sub-

stantive right to recover medical expenditures where a tort-feasor is found to have caused the injuries requiring the treatment. *See United States v. Moore,* 469 F.2d at 792; *United States v. Merrigan,* 389 F.2d at 24; *United States v. Guinn,* 259 F.Supp. at 773. In such a situation, the government should not be affected by state law defenses, such as the Massachusetts comparative negligence statute, which do not address "circumstances creating a tort liability upon some third person," but only how that third person liability is regulated. *See United States v. Moore,* 469 F.2d at 792.

Moreover, under Massachusetts law, one party's contributory negligence is not imputed to another if the noncontributorily negligent party's claim is independent. *See Goldman v. United States,* 790 F.2d 181, 185 n. 4 (1st Cir.1986); *Feltch v. General Rental Company,* 383 Mass. 603, 421 N.E.2d 67, 71 (1981). The government's right of action under the MCRA in this case is independent of Theriaque's claim against defendants. *See United States v. Moore,* 469 F.2d at 790. The Court concludes that defendants may not raise the defense of comparative negligence in this case.

## III. CONCLUSION

For the above reasons, defendants' defenses of statute of limitations, release and comparative negligence will not be allowed. Accordingly, the government's motion to strike these defenses from trial is GRANTED. Trial will commence on Wednesday, December 2, 1987.

It is So Ordered.

---

**5.** The Court recognizes dicta in *United States v. Housing Authority of City of Bremerton,* 415 F.2d at 243, suggesting that the contributory negligence of the injured person may bar the government from suing under the MCRA. Besides the fact that the issue was never before that court, this Court simply disagrees with the Ninth Circuit's analysis on this issue. No court has ever squarely decided the issue.

Defendants cite the case of *United States v. Fort Benning Rifle and Pistol Club,* 387 F.2d 884, 887 (5th Cir.1967), which states, again in dicta, that substantive state defenses negating third party tort liability would prevent the government from asserting a claim under the MCRA. Yet, as mentioned, Mass.Gen. Laws ch. 231 § 85 does not *negate* tort liability, it only prevents or limits a contributorily negligent plaintiff from recovering for another's tortious acts.