**UNITED STATES of America, Plaintiff–Appellee,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellant.**

No. 89–5603.

United States Court of Appeals, Fifth Circuit.

Sept. 10, 1990.

Michael Kuhn, Bracewell & Patterson, Houston, Tex., for defendant-appellant.

John F. Paniszczyn, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, KING, and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Allstate Insurance Company appeals an adverse summary judgment ordering it to pay to the United States the costs of medical services rendered to insureds of Allstate as a consequence of various automobile accidents. The payments were found due under the provisions of a personal injury protection ("PIP") policy. Allstate contends that the district court erred in (1) its consideration of evidence; (2) by ignoring disputed issues of fact; and (3) in concluding that the United States was entitled to judgment as a matter of law. Finding no reversible error, we affirm.

## Background

Several military personnel and dependents of military personnel were injured in automobile accidents. All received medical treatment at the Wilford Hall medical facility located at Lackland Air Force Base, San Antonio. The government sought reimbursement for the costs of treatment from Allstate which had issued PIP policies covering each of the injured persons. Allstate denied the claims, asserting that benefits under the PIP policies could not be assigned without its permission and that the United States was not a "covered person" under the policies.[1]

The United States filed the instant suit seeking medical costs and related damages. Allstate moved for dismissal under Fed.R.Civ.P. 12(b)(6), contending that the United States was not a third-party beneficiary under the policies. The government moved for summary judgment and both parties filed various affidavits and exhibits.

Concluding that the United States was an intended third-party beneficiary of the insurance contracts, the district court granted it summary judgment. The court also awarded damages under Article 3.62 or, alternatively, under Article 5.06 of the Texas Insurance Code which provides for costs, attorney's fees, and a 12% penalty for sums wrongfully withheld by an insurance company. Allstate timely appealed.

## Analysis

On appeal from a summary judgment we examine the record and apply the same standard that governs the district court's analysis under Fed.R.Civ.P. 56(c). *Mozeke v. International Paper Co.*, 856 F.2d 722

---

**1.** The policies contain the following pertinent provisions:

*Insuring Agreement*
We will pay Personal Injury Protection benefits because of bodily injury resulting from a motor vehicle accident and sustained by a covered person.

\* \* \* \* \* \*

Personal Injury Protection consists of necessary expenses for medical ... services.

\* \* \* \* \* \*

"Covered Person" ... means you or any family member while occupying or when struck by a motor vehicle....

(5th Cir.1988). We will affirm a summary judgment provided "we are convinced, after an independent review of the record, that 'there is no genuine issue as to any material fact' and that the movant is 'entitled to a judgment as a matter of law.'" *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.,* 832 F.2d 1358, 1364 (5th Cir.1987). In reviewing the facts we accord the advantage to the party opposing the motion by drawing all reasonable inferences favorable to the non-mover. *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577 (5th Cir.1986). We decide questions of law *de novo. Walker v. Sears, Roebuck & Company,* 853 F.2d 355 (5th Cir.1988).

The government invites our attention to *United States v. Government Employees Insurance Co.,* 440 F.2d 1338 (5th Cir.1971) (*GEICO*), and *United States v. United Services Automobile Association,* 431 F.2d 735 (5th Cir.1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971) (*USAA*). In the *GEICO* case we affirmed a judgment awarding insurance payments to the United States for medical benefits provided to a serviceman as a consequence of an auto accident. The payments were made under the uninsured motorist provision obliging the insurer "to pay all sums which the insured … shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile." The policy broadly defined "insured" to include "any person, with respect to damages he is entitled to recover because of bodily injury to which this part applies." We concluded that the United States was an insured in this setting.

In the *USAA* case we affirmed a holding that the United States was a third-party beneficiary under an auto liability policy and, as such, could sue to recover the costs of medical services rendered to an insured. The insured was a military dependent and was treated at no charge at a military hospital as part of the fringe benefits due his father. The claim was made under the medical-payment provision of the policy which called for payment for reasonable medical expenses. The policy provided that the payment could be made either to the insured or to the person or organization rendering the services.[2]

These cases are instructive but not dispositive. The Allstate policy presents a mixed picture. Whereas it is more tightly written in some respects than the GEICO or USAA policies, in some respects it is more vague and indefinite. The Allstate policy fails to specify the payee of PIP benefits and contains no limiting language as to such payees other than the assignment clause.

Capsulating Allstate's insuring commitment, it agreed to pay PIP benefits, including medical expenses resulting from bodily injury sustained by a covered person in a motor vehicle accident. In each of the factual scenarios at bar there was an automobile accident in which a covered person sustained bodily injuries requiring medical attention and treatment. In each instance those medical services were provided by the United States at military installations because the injured persons were either members of the military or dependents thereof. No charge was assessed to the patients because such medical services are part of the fringe benefits made available by Congress to active and retired members of the military and their dependents. These services were "free" to the patients but were not free to the provider.

The United States vigorously argues that in this setting it should be deemed a third-party beneficiary of the insurance proceeds. This argument has compelling equitable force, for otherwise Allstate will have collected premiums from service personnel for which it assumed no insuring risk because the military personnel and their dependents were entitled to "free" medical treatment. We are not prepared to

---

**2.** Similar contractual provisions have been construed in favor of the United States determining it to be a third-party beneficiary. *Accord United States v. Automobile Club Insurance Company,* 522 F.2d 1 (5th Cir.1975); *United States v. Government Employees Insurance Co.,* 461 F.2d 58 (4th Cir.1972); and *United States v. State Farm Mutual Automobile Insurance Co.,* 455 F.2d 789 (10th Cir.1972).

assign to Allstate such an inequitable position.

 The parties have agreed that Texas law controls the resolution of the breach-of-contract claim. Texas law recognizes that insurance policies are binding contracts between the insured and the insurer. *See Aetna Ins. Co. v. Texarkana Nat. Bank,* 60 S.W.2d 251 (Tex.Civ.App.—Eastland 1933, *writ dism'd* ). As a general rule only the contracting parties or their privies can enforce a contract; however, in certain circumstances a third party is entitled to compel observance of a contract made by others. 14 Tex.Jur. III, *Contracts* § 236 (1981). Under Texas law a third party can recover under a contract if he establishes that it was made for his benefit and that the contracting parties intended that it benefit him. *Hermann Hosp. v. Liberty Life Assur. Co.,* 696 S.W.2d 37 (Tex.App.— Houston 1985, *writ ref'd* ).

 We conclude that it is only reasonable to assume that when military personnel secured the Allstate PIP policy and paid the premium, they expected to receive an appropriate *quid pro quo* in coverage. We view that *quid pro quo* to include protection to covered persons for medical expenses made necessary by injuries sustained in an automobile accident. If those injuries were treated at a private, *i.e.,* non-military, hospital, or by private medical practitioners, the *quid pro quo* would be the policy-prescribed payment to those private hospitals and practitioners. If, however, the far more likely instance occurred, and treatment was received from military doctors and hospitals, the *quid pro quo* would be reimbursement to the government for those services.

As stated above, the policy at bar contains neither specification nor limitation of the payee of PIP benefits. In accordance with one of the most firmly established interpretation rubrics, such absences or ambiguities must be construed against the insurer. We do so here and hold that the United States is entitled to appropriate reimbursement for the reasonable medical services rendered to the Allstate insureds.

Finally, we find no genuine dispute of a material fact, nor do we find any relevant abuse of discretion in any express or implied evidentiary ruling. We perceive the sole issue to be whether judgment should enter as a matter of law. We conclude that it should.

For these reasons, the judgment of the district court is, in all respects, AFFIRMED.