COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 Amy
 Warmbrod,
  
                             Appellant,
  
 v.
  
 USAA
 County Mutual Insurance Company,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-10-00306-CV
  
 Appeal from the
  
 169th
 Judicial District Court
  
 of Bell
 County, Texas
  
 (TC#238,990-C)
  
 
 


 

O P I N I O N

Amy Warmbrod filed suit against United Services
Automobile Association (USAA) alleging various causes of action and seeking
damages arising out of USAA’s handling of her underinsured motorist claim.  Warmbrod appeals the summary judgment granted
in favor of USAA.  We affirm.

BACKGROUND

Warmbrod sustained severe injuries in a car
accident on July 28, 2006.  She was
treated free of charge at United States Army hospitals by virtue of her
husband’s military status.  Warmbrod’s
injuries and damages were in excess of both the tortfeasor’s insurance coverage
and the underinsured motorist’s (UIM) provisions of her own USAA auto insurance
policy.  Warmbrod demanded that USAA pay
her the $100,000 UIM benefits under her policy. 
The United States Army submitted a reimbursement claim to USAA for the
medical care it rendered to Warmbrod in the amount of $26,404.96 pursuant to 10
U. S. C. § 1095 and the Federal Medical Care Recovery Act, 42 U.S.C. §§
2651-53.  After receiving
two payments totaling $3,403.53, the Army sought to recover from USAA the
remaining balance of $23,101.43, claiming that it had a right to all available
insurance coverage including Warmbrod’s UIM benefits which were payable to
Warmbrod under her USAA policy.  USAA
paid Warmbrod $76,898.57 of the $100,000 UIM benefits and issued a second check
for the remaining $23,101.43 payable to Warmbrod, her attorney, and the Army.

Warmbrod brought suit against USAA alleging it
violated the Texas Deceptive Trade Practices Consumer-Protection Act, Texas
Insurance Code, Fifth Amendment of the United States Constitution, and Article
1 Section 17 of the Texas Constitution.  Specifically,
Warmbrod claimed USAA engaged in unfair claims settlement practices and its
handling of her underinsured motorist claim amounted to a taking of her private
property without due process of law. USAA filed a traditional motion for
summary judgment, and later amended its motion to address Warmbrod’s violation
of due process allegations.  Warmbrod filed
a response to the motion for summary judgment and also included a counter
motion for partial summary judgment, in which she asked the court to find that
USAA acted with falsity and deception, intentionally committed unfair claims
settlement practices, and violated her due process rights under both the U.S.
and Texas Constitutions.  The trial court
granted summary judgment in favor of USAA without specifying the grounds for
its ruling.  This appeal followed.  The USAA check in the amount of $23,101.43
remains unpaid and Warmbrod seeks to recover the entire amount.

DISCUSSION 

Warmbrod raises four issues on appeal
challenging the order granting summary judgment. In Issue One, Warmbrod
contends that the trial court erroneously granted USAA’s amended motion for
summary judgment because the Army is not entitled to reimbursement from her UIM
benefits under 42 U.S.C. § 2651 (a) and 10 U.S.C. § 1071.  Warmbrod argues that the UIM provisions of her
USAA policy is not a system of compensation under which the Army could be a
third-party beneficiary because, under Texas Insurance Code § 1952.106, her UIM
coverage is a contract between herself and USAA and gives her a legal right to
recover for bodily injury and property damage. In Issue Two, Warmbrod complains
that she is entitled to be “made whole” before her UIM benefits are paid to the
Army. In Issues Three and Four, Warmbrod alleges that under the Fifth Amendment
of the United States Constitution and Article 1 § 17 of the Texas Constitution,
the trial court’s summary judgment amounted to a taking of her private property
without due process of law.

Standard of Review

We review a trial court’s summary judgment de
novo. Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009).  Summary
judgment is appropriate when the moving party shows there is no genuine issue
as to any material fact and it is entitled to judgment as a matter of law. Diversicare
General Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005).
Once the defendant establishes a right to summary judgment as a matter of law,
the burden shifts to the plaintiff to present evidence raising a genuine issue
of material fact. City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678-79 (Tex. 1979); Scown v. Neie, 225 S.W.3d 303, 307
(Tex.App. – El Paso 2006, pet. denied). When reviewing a motion for summary
judgment, we must assume all of the evidence favorable to the non-movant is
true, indulge every reasonable inference in favor of the non-movant, and
resolve any doubts in favor of the non-movant. Edwards v. Mesa Hills Mall
Co. Ltd. Partnership, 186 S.W.3d 587, 590 (Tex.App. – El Paso 2006,
no pet.). Where the trial court does not specify the grounds upon which summary
judgment is granted, as in this case, we must affirm if any of the grounds are
meritorious. FM Properties Operating Co. v. City of Austin, 22 S.W.3d
868, 872 (Tex. 2000).

Analysis

Warmbrod contends that the trial court erred by granting USAA summary
judgment because under the Federal Medical Care Recovery Act (FMCRA), USAA was
not obligated to pay the Army’s medical reimbursement claim from her UIM
coverage.  See 42 U.S.C. §§ 2651-2653 (West 2006).  USAA takes the position that FMCRA is not
applicable to the facts of this case and asserts that, pursuant to 10 U.S.C. §
1095 and the implementing regulations, the Army is entitled to recovery from
Warmbrod’s UIM coverage.[1]

The
FMCRA

FMCRA is one of the federal statutes that gives the United States
government the authority to recover medical care it provides at its own expense
to covered beneficiaries.  See 42 U.S.C. §§ 2651-53.  In relevant part, FMCRA provides:

(a) Conditions; exceptions; persons liable;
amount of recovery; subrogation; assignment

 

In
any case in which the United States is authorized or required by law to furnish
or pay for hospital, medical, surgical or dental care and treatment (including
prostheses and medical appliances) to a person who is injured or suffers a
disease, after the effective date of this Act, under circumstances creating a
tort liability upon some third person (other than or in addition to the United
States and except employers of seamen treated under the provisions of section
249 of this title) to pay damages therefor, the United States shall have a
right to recover (independent of the rights of the injured or diseased person)
from said third person, or that person’s insurer, the reasonable value of the care
and treatment so furnished, to be furnished, paid for, or to be paid for and
shall, as to this right be subrogated to any right or claim that the injured or
diseased person, his guardian, personal representative, estate, dependents, or
survivors has against such third person to the extent of the reasonable value
of the care and treatment so furnished, to be furnished, paid for, or to be
paid for.  The head of the department or
agency of the United States furnishing such care or treatment may also require
the injured or diseased person, his guardian, personal representative, estate,
dependents, or survivors, as appropriate, to assign his claim or cause of
action against the third person to the extent of that right or claim.

 

42 U.S.C. § 2651(a).  FMCRA gives
the United States government an independent right to recover the reasonable
value of medical care incurred under circumstances creating tort liability upon
some third person.  See United States v. Haynes, 445 F.2d 907, 909-10
(5th Cir. 1971); 42 U.S.C. § 2651(a).   Therefore, Section 2651 governs collection
from a third-party tortfeasor.  42 U.S.C.
§ 2651.  However, the United States
government does not have a right to first party insurance proceeds under FMCRA.
See Government Employees Ins. Co. v.
Andujar, 773 F. Supp. 282, 286 (D. Kan. 1991) (holding that the United
States did not have a right to uninsured underinsured motorist (UI/UIM) proceeds
under FMCRA).  Under state law, the
United States government is a proper claimant against UI/UIM coverage pursuant
to the insurance contract.  United
States v. Government Employees Inc. Co., 440 F.2d 1338 (5th Cir. 1971); see also United States v.
Allstate Ins. Co., 910 F.2d 1281, 1283-84 (5th Cir. 1990) (under state law,
the United States can recover as a third-party beneficiary to the insurance
contract).  As neither
Warmbrod nor USAA were third-party tortfeasors, the Army cannot recover under
FMCRA on any settlement from the UIM coverage of Warmbrod’s auto policy.

Section
1095

We next consider whether the United States Army has a valid
reimbursement claim pursuant to 10 U.S.C. § 1095.  In relevant part, Section 1095 provides:

Health
care services incurred on behalf of covered beneficiaries: collection from
third-party payers

 

In
the case of a person who is a covered beneficiary, the United States shall have
the right to collect from a third-party payer reasonable charges for health
care services incurred by the United States on behalf of such person through a
facility of the uniformed services to the extent that the person would be eligible
to receive reimbursement or indemnification from the third-party payer if the
person were to incur such charges on the person’s own behalf.  If the insurance, medical service, or health
plan of that payer includes a requirement for a deductible or copayment by the
beneficiary of the plan, then the amount that the United States may collect
from the third-party payer is a reasonable charge for the care provided less
the appropriate deductible or copayment . . . .

 

10 U.S.C. § 1095(a)(1) (West 2003).  The United States has a right to collect
reasonable medical care costs rendered at its expense to a covered beneficiary
under both Section 1095 and FMCRA.  32
C.F.R. § 220.11(b).  The FMCRA does not
purport to limit any other law authorizing the United State government to
recover the costs of medical care rendered at its expense as set forth in 42
U.S.C. § 2651.  See 42 U.S.C. § 2653.  If a
medical care recovery claim is brought under the concurrent authority of the
FMCRA and Section 1095, the United States’ right to collect is governed by
Section 1095 and the implementing regulations. 57 Fed. Reg. 41096 (1992).

Under Section 1095, the corollary to FMCRA, the United States
government has the right to collect reasonable medical expenses for the care it
provided at government expense from third-party payers.  See 10
U.S.C. § 1095(a)(1).  Moreover,
Section 1095 limits its definition of “third-party payer” to that section of
the United States Code.  See 10
U.S.C. § 1095(h)(1). 
Section 1095 also reaffirms that collection from a third-party
tortfeasor is governed by 42
U.S.C. § 2651.  See 10
U.S.C. § 1095(i)(2).

Section 1095 defines a third-party payer as:

[A]n
entity that provides an insurance, medical service, or health plan by contract
or agreement, including an automobile liability insurance or no fault insurance
carrier, and any other plan or program that is designed to provide compensation
or coverage for expenses incurred by a beneficiary for health care services or
products.  Such term also includes
entities described in subsection (j) under the terms and to the extent provided
in such subsection.

 

10 U.S.C. § 1095(h)(1).  The
plain language of 10 U.S.C. § 1095 is clear that the United States’ right to
reimbursement from third-party payers includes reimbursement from automobile
insurers.  See 10 U.S.C. § 1095(h)(1).  USAA is a third-party payer under Section
1095, as it is an entity that provides automobile liability insurance to
Warmbrod.  In essence, Section 1095
authorizes the United States’ claims for recovery in states with no-fault
statutes and against the MedPay, UI/UIM, personal injury protection portions of
the injured party’s insurance as well as Medicare supplemental insurance.  See United
Services Auto. Ass’n v. Perry, 102 F.3d 144 (5th Cir. 1996); see also 10 U.S.C. § 1095(h)(1), (2); 32
C.F.R. § 220.14.

            Warmbrod contends
that the Secretary of Defense’s regulations implementing 10 U.S. C. § 1095
impermissibly extend the definition of automobile liability insurance to
include UI/UIM coverage.  See 32 C.F.R. § 220.14.  When reviewing a federal agency’s
construction of a statute, we first look to see if Congress has directly
addressed the question at issue.  Chevron, U.S.A., Inc. v. Natural Resources
Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781 (1984).  If Congress has directly answered the
question at issue and its intent is clear, the inquiry is over and we must give
effect to the express intent of Congress as must the federal agency tasked with
administering the statute.  Id. at 842-43.  However, if Congress has not directly
addressed the issue and the statute is silent or ambiguous, we must determine whether
or not the agency’s interpretation is a permissible construction of the
statute.  Id. at 843.  We need not conclude that the agency’s
construction was the only permissible construction it could have adopted to
uphold the agency’s construction of the statute.  Id.  

The federal regulations promulgated by the Secretary of Defense
pursuant to Section 1095 state that “automobile liability insurance” means:

[I]nsurance
against legal liability for health and medical expenses resulting from personal
injuries arising from operation of a motor vehicle.  Automobile liability insurance includes:

 

(1)  
Circumstances in which liability benefits are
paid to an injured party only when the insured party’s tortious acts are the
cause of the injuries; and

 

(2)  
Uninsured and underinsured coverage, in which
there is a third party tortfeasor who caused the injuries (i.e., benefits are
not paid on a no-fault basis), but the insured party is not the tortfeasor.

 

32 C.F.R. §§ 220.14, 220.14 (1)-(2).  Having already determined that USAA is a
third-party payer under the statute, we next look to see if Congress has
directly addressed the question of what constitutes “automobile liability
insurance.”  While Section 1095 itself
does not define the term “automobile liability insurance,” the legislative
history of the 1990 amendments of Section 1095 suggest that Congress intended
to enlarge the scope of the original statute and to expand the definition of
“third-party payer” in order to enlarge the government’s medical care
collection recovery.  United States v. United Services Auto. Ass’n,
5 F.3d 204, 208 (7th Cir. 1993).  Under
the original definition of Section 1095, automobile insurers were not
considered third-party payers, but under the statutory amendments the United
States would now be able to collect from automobile insurance policies.  Id.

Under the Texas Insurance Code, UI/UIM coverage is defined as “the
provisions of an automobile liability insurance policy . . . .”  Tex.
Ins. Code Ann. § 1952.101(a) (West 2009); see also Howard v. INA County Mut. Ins. Co., 933 S.W.2d 212, 218 (Tex.
App. – Dallas 1996, writ denied) (every automobile liability insurance policy
delivered in Texas includes UI/UIM coverage by operation of law).  Based on the plain language of the statute,
the legislative history, and the above definition of UI/UIM coverage, we find
that the 32 C.F.R. § 220.14 is a permissible construction of the statute.  We find no error as the United States Army
has a valid claim against the UIM portion of Warmbrod’s automobile policy as
the government’s authority to recover is derived from Section 1095 and the
implementing regulations.  See 10 U.S.C. § 1095; 32 C.F.R. § 220.14.

In conclusion, Warmbrod failed to demonstrate
the existence of a genuine issue of material fact which precluded traditional
summary judgment in favor of USAA.  Issue
One is overruled.  Because we conclude
that the United States Army has a right to proceed against Warmbrod’s UIM
coverage under 10 U.S.C. § 1095, we need not address Warmbrod’s remaining
issues.  See Tex. R. App. P. 47.1 (“The court of
appeals must hand down a written opinion that is as brief as practicable but
that addresses every issue raised and necessary to final disposition of the
appeal.”). 

CONCLUSION

 

We affirm the judgment of the trial court.

 

                                                                        GUADALUPE RIVERA, Justice

April 11, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
The Army’s correspondence to USAA cites both 10 U.S.C. § 1095 and the FMCRA as
the authority under which it asserts its claim against Warmbrod’s UIM coverage
under the automobile policy provided by USAA.